STATE v. LUTHER MESSIMER.

(Filed 29 April, 1953.)

**Assault § 14b—**

Where defendant in a prosecution for assault relies upon a plea of self-defense, an instruction to the effect that defendant would be guilty if he struck the prosecuting witness and committed an assault upon him as defined by the court, without reference or qualification as to his plea, must be held for prejudicial error notwithstanding later instructions pertaining to the law of self-defense, especially when the erroneous instruction is thereafter again repeated.

APPEAL by defendant from *Crisp, Special Judge,* at 19 January, 1953, Extra Criminal Term, of MECKLENBURG.

Criminal prosecution upon warrant issued out of the Recorder's Court of the city of Charlotte, North Carolina, charging that Luther Messimer "with force and arms . . . did willfully, maliciously and unlawfully commit an assault on the person of Garland Pridgen with hands and fists where serious injury was inflicted on Garland Pridgen a broken jaw . . .," tried in Superior Court on appeal thereto from judgment of Recorder's Court on plea entered, and verdict found.

In Superior Court defendant pleaded not guilty, and upon trial *de novo:* The State offered evidence tending to support the charge against

defendant, as alleged in the warrant. On the other hand, defendant offered evidence that he struck Garland Pridgen under circumstances detailed, and in defense of himself.

The jury returned a verdict of "Guilty of simple assault, inflicting serious damage."

Thereupon the judge presiding entered judgment "that the defendant serve a term of eighteen (18) months in the common jail of Mecklenburg County, to be assigned to work the roads, under the supervision of the State Highway and Public Works Commission. This sentence is suspended upon condition that the defendant pay the costs of this action, and upon the further condition that the defendant pay into the Clerk of Court's office (1) the sum of $700 to compensate the prosecuting witness (Garland Pridgen) for loss of time from his work; (2) $125.00 to cover hospital expenses in connection with having the dental surgeon treat his broken jaw, and (3) $100.00 to take care of future treatments that will be necessary for him to have "the total amounting to $925.00"; and the "judgment is suspended upon condition that the defendant shall be of good behavior and not violate any of the laws of the State of North Carolina for a period of five (5) years from the date of this judgment. Capias to issue, upon motion of the Solicitor, if it shall be made to appear that the defendant has failed to comply with the terms of this judgment."

Defendant excepted and appeals to Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State.*
*Marvin Lee Ritch for defendant, appellant.*

WINBORNE, J. Defendant presents on this appeal various assignments of error, some of which reveal prejudicial error. Of these it is sufficient to point to Exception 5.

In the course of his charge to the jury the trial judge instructed in substance that if the jury find from the evidence beyond a reasonable doubt that the defendant struck the prosecuting witness with his fist, and committed an assault upon him, by so striking him, as the court has defined an assault to mean, it would become the duty of the jury to return a verdict of guilty. The instruction is a complete paragraph without reference or qualification as to the plea of self-defense relied upon by defendant. It is misleading to the jury, and prejudicial to defendant. It is true, however, that later in the charge the court gave instructions pertaining to the law of self-defense. Yet there is exception to the sufficiency of such instruction. But even if this latter exception be not well founded, the court immediately after adverting to the law of self-defense repeated, in brief, the instruction to which exception 5 relates.

Since there must be a new trial for error pointed out, other assignments of error need not be considered. The matters to which they relate may not recur upon another trial.

New trial.