### STATE v. WARREN HARDING NEWTON.

(Filed 5 November, 1958.)

**1. Criminal Law § 108—**

Where the court, in stating the State's contentions, makes a separate statement to the effect that there could be no other explanation of defendant's conduct than that he was guilty of the offense charged, without any words indicating that such statement was a further contention of the State, the charge must be held for prejudicial error, notwithstanding that the court may have intended to make such statement a part of the statement of contentions.

**2. Same—**

A statement of the court to the jury, upon the jury's request for further instructions, that the verdict need not be in writing but that the court had instructed the jury to return a verdict of guilty as charged in the indictment, otherwise to specify the verdict, must be held for prejudicial error as an expression of opinion by the court on the evidence.

**3. Same—**

An expression of opinion by the court upon the evidence, directly or indirectly, must be held prejudicial.

PARKER, J., not sitting.

APPEAL by defendant from *Williams, J.,* July Term 1958 of GRANVILLE.

This is a criminal prosecution tried upon a bill of indictment charging that the defendant did unlawfully and feloniously assault Mrs. Myrtle Setzer with a deadly weapon, to wit, a hammer, with the felonious intent to kill and murder the said Mrs. Myrtle Setzer, inflicting serious injury upon her not resulting in death.

The State's evidence tends to show that late in the afternoon of 12 June 1958 the defendant met Mrs. Myrtle Setzer at the store of Felix

Wilson on the Stovall Road near Oxford in Granville County, a distance of about one-half mile from the home of the prosecuting witness. The prosecuting witness purchased groceries and drinks from Mr. Wilson. It was about dark, and the proprietor of the store suggested that the defendant would take her home on his pick-up truck. The defendant then said, "Yes, Mrs. Setzer, I will take you on down by your house." The defendant took Mrs. Setzer to her house; she got out, took her groceries into the house and the defendant took the drinks into the house. The defendant then took the prosecuting witness by the arm and forced her to get back in the truck and to go with him. They went to a deserted house from which the defendant had recently moved, to draw some tomato plants. After they had drawn the tomato plants and the defendant had put them in his truck, he tried to get her to go into the house. She refused and he hit her on the back of her head with a hammer, knocked her down, choked her into unconsciousness, and threw her into a nearby well. When she regained consciousness she found the chain to the well bucket had been pulled up and that a board had been placed over the opening of the well. She managed to climb out of the well and sought help at a nearby house.

The defendant was arrested on the afternoon of 13 June 1958 and upon his arrest he said to the officers, "I reckon you all have found her. If you haven't you would not be over here looking for me * * * I throwed (sic) her in that old well over yonder where we moved from."

The jury returned a verdict of guilty as charged in the bill of indictment. From the judgment imposed on the verdict the defendant appeals, assigning error.

*Attorney General Seawell, Asst. Attorney General Bruton, for the State.*

*William T. Watkins, Royster & Royster for the defendant.*

DENNY, J. Among the defendant's 26 assignments of error numbers 20 and 25 involve instructions to the jury. Assignment of error number 20 is directed to the following portion of the court's charge: "There could be no other explanation of his conduct there except the assault was made with a deadly weapon with the intent to kill, and that it constituted within the purview of the law and the statute, serious injury."

While the above language was used while the court was undertaking to state the State's contentions, such statement is a separate and distinct sentence and is not preceded by the words, "The State further says and contends," or similar language, and while it may have been the Court's intention to make this statement to the jury as a part of the State's contentions, it was not so stated.

STATE *v.* NEWTON.

Assignment of error number 25 challenges the instruction given to the jury under the following circumstances. The Sheriff informed the court that the jury wanted to ask a question. When the jury returned to the courtroom, the court inquired whether or not it had agreed upon a verdict. The foreman informed the court that it had not. The court then said, "Is there some information that you desire?" The foreman of the jury replied, "We understood that you wanted this in writing." The court then said, "No, not necessarily in writing, but I want you to specify your verdict. I instructed you you could return a verdict of guilty as charged in the bill of indictment, which charge was assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death. Otherwise, specify it. Do you understand?"

We think the foregoing instructions embraced in the assignments of error numbered 20 and 25 are susceptible of being interpreted by the jury as an expression or intimation on the part of the court to the effect that in its opinion the jury should return a verdict of guilty as charged.

In *S. v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568, *Stacy, C. J.,* in speaking for the Court, said: "It can make no difference in what way or manner or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, by comment on the testimony of a witness, by arraying the evidence unequally in the charge, by imbalancing the contentions of the parties, by the choice of language in stating the contentions, or by the general tone and tenor of the trial. The statute forbids any intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury." *S. v. Love,* 229 N.C. 99, 47 S. E. 2d 712; *S. v. Benton,* 226 N.C. 745, 40 S.E. 2d 617; *S. v. DeGraffenreid,* 223 N.C. 461, 27 S.E. 2d 130; *S. v. Maxwell,* 215 N.C. 32, 1 S.E. 2d 125; *S. v. Rhinehart,* 209 N.C. 150, 183 S.E. 388.

While there are other exceptions and assignments of error which are not without merit, we deem it unnecessary to discuss them since, in our opinion, the defendant is entitled to a new trial, and it is so ordered.

It must be conceded that the defendant's conduct toward the prosecuting witness was unwarranted, indefensible and vicious. However, he is entitled to a trial free from prejudicial error.

New Trial.

PARKER, J., not sitting.