## STATE v. RAYMOND WILLIAM BERTRAND.

(Filed 14 January, 1959.)

**Criminal Law § 108—**

> The court's statement that it would give the jury peremptory instruc-
> tions in the case, together with the court's interrogation of witnesses,
> and recall of the jurors after they had deliberated only fifteen minutes,
> with instructions to them to go back and take a vote, *is held* to consti-
> tute prejudicial error, notwithstanding that the court did not give per-
> emptory instructions, the probable effect on the jury and not the motive
> of the judge being determinative.

PARKER, J., dissents.

APPEAL by defendant from *Williams, J.,* January, 1958 Regular
Term, ROBESON Superior Court.

Criminal prosecution upon a bill indictment charging seduction un-
der promise of marriage. The defendant entered a plea of not guilty.
The State offered the evidence of the prosecuting witness and other
corroborating and supporting testimony. The defendant did not offer
evidence.

At the close of the plaintiff's evidence the court announced: "Gentle-
men, I shall give the jury peremptory instructions." The defendant
excepted. The court did not give the peremptory instruction but
charged in the manner usual in contested criminal cases. After com-
pleting the charge, the court instructed the jury to retire and to de-
liberate on its verdict. After the elapse of 15 minutes, the court re-
called the jurors and inquired if they had arrived at a verdict. The
foreman replied they had just started to take a vote.

"Court: Gentlemen, you are to decide this case from the evidence
presented and be guided by the instructions of the court as to the
law. Go back and take your vote."

The jury returned a verdict of guilty. From the sentence of five
years in the State's prison at hard labor, the defendant appealed.

*Malcolm B. Seawell, Attorney General, T. W. Bruton, Ass't. Attorney General, for the State.*

*J. H. Barrington, Jr., for defendant, appellant.*

HIGGINS, J.    During the progress of trial, the presiding judge asked some of the State's witnesses questions which the defendant contends may have given the jury the impression the judge was attempting to bolster the State's case. No doubt the experienced and learned judge intended only to clarify rather than to emphasize the State's evidence. The court's questions, standing alone, would not be of disturbing importance. However, the effect of the court's announcement at the close of the evidence that it would give the jury peremptory instructions may not have been removed by the court's failure to give them. The announcement alone was calculated to impress the jury with the idea either that the evidence failed to make out a case or that it did establish an impregnable one. By a peremptory instruction, the court tells the jury how to decide the case. It would be unsafe to assume that at least some of the jurors failed to grasp the purport of the court's statement, or that its effect was lost on them. Added thereto the court's inquiry about the verdict after 15 minutes deliberation may have been taken as a suggestion that they had wasted enough time on the case. It is impossible to tell, of course, what may be the determining factors in a jury's verdict. However, there is nothing in this record from which the jury might reasonably conclude the trial judge thought the defendant should be acquitted. We fear the court, by the matters herein discussed, inadvertently left an impression to the contrary. The probable effect on the jury and not the motive of the judge determines whether another trial is required. *State v. Newton,* 249 N.C. 145, 105 S.E. 2d 437; *State v. Taylor,* 243 N.C. 688, 91 S.E. 924; *State v. Love,* 229 N.C. 99, 47 S.E. 2d 712; *State v. Ownby,* 146 N.C. 677, 61 S.E. 630.

The reasons here assigned make it necessary that the case be submitted to another jury.

New Trial.

PARKER, J., dissents.