**UNITED STATES of America, Appellee,**

v.

**Robert L. REISS, Appellant.**

**No. 783, Docket 73-1053.**

United States Court of Appeals, Second Circuit.

Argued April 18, 1973.

Decided April 20, 1973.

John E. LeMoult, Marvin M. Karpatkin, New York City, for appellant.

George E. Wilson, Richard J. Davis, Asst. U. S. Attys., Whitney North Seymour, Jr., U. S. Atty., for appellee.

Before CLARK,* Associate Justice, WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Appellant, convicted of having unlawfully refused to register with the Selective Service System, a requirement of the Military Selective Service Act of 1967, 50 U.S.C. App. § 451 et seq., seeks reversal of the judgment of conviction.

Appellant became 18 years of age on June 30, 1969. Two days later he wrote a letter addressed to the Selective Service System in New York, informing Selective Service that he had turned 18, but that because of his sincere religious and moral beliefs, he could not participate in the registration process.

The only defense appellant wished to present at his trial was the defense that he was not required to register because the constitutional principles of equal protection and freedom of religion shielded him. The Court below permitted appellant to introduce evidence demonstrating the sincerity of appellant's beliefs, but

---

* Retired Associate Justice of the United States Supreme Court, sitting by designation.

held that the uniform requirement that all conscientious objectors to military service present their claims after registration violated none of his constitutional rights.

In United States v. Toussie, 410 F.2d 1156, 1161 (2 Cir. 1969), rev'd on other grounds, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), we have previously considered the question of whether one required by law to register with a Selective Service System Board may decline to do so for reasons of conscience without incurring criminal liability for the failure. We there held contrary to appellant's claims here, and we are bound by the precedent there established. Accord United States v. Bigman, 429 F.2d 13, 15 (9 Cir.) (per curiam), cert. denied, 400 U.S. 910, 91 S.Ct. 141, 27 L.Ed.2d 150 (1970); United States v. Palmer, 223 F.2d 893, 895–897 (3 Cir.) (en banc), cert. denied, 350 U.S. 873, 76 S.Ct. 116, 100 L.Ed. 772 (1955).

Judgment of conviction affirmed.