**UNITED STATES of America,
Plaintiff-Appellee,

v.

Fred BERTRAM, Defendant-Appellant.

No. 72–1568.**

United States Court of Appeals,
Tenth Circuit.

Argued April 9, 1973.

Decided April 27, 1973.

William K. Hickey, First Asst. U. S. Atty. (James L. Treece, U. S. Atty., on the brief), for plaintiff-appellee.

Sheldon K. Ginsberg, Denver, Colo., for defendant-appellant.

Before PHILLIPS, HILL and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a Selective Service prosecution in which the defendant-appellant was charged with having failed to register, thereby violating 50 U.S.C. App. § 462 (a). The registration requirement is contained in 50 U.S.C. App. § 453. Registration is required within five days after the individual reaches his eighteenth

birthday. He was convicted of this offense by a jury and sentenced to two years in prison.

Appellant contended at trial and now contends, first, that the registration requirement violates his First Amendment rights; secondly, that the court erroneously refused to allow testimony concerning his religious beliefs and erroneously charged the jury that conscientious objection did not eliminate the duty to register; and, finally, that the registration requirement discriminates against members of the male sex.

It is undisputed that the defendant did indeed fail to register in accordance with law. Moreover, he unquestionably knew of the requirement, and he admitted receiving a letter from the Selective Service notifying him of his failure to register and ordering him to appear at once. He testified at the trial that his refusal was intentional, but was based on his religious beliefs.

■■ The First Amendment to the Constitution prohibits Congress from making any law "respecting an establishment of religion, or prohibiting the free exercise thereof." The right here granted is not, however, an unbridled one in that it is subject to the power of Congress to raise and support armies which is granted in Art. I, Section 8 of the Constitution.[1] This court has recently ruled on the proposition here argued in the case of United States v. Koehn, 457 F.2d 1332, 1334 (10th Cir. 1972). The issue was resolved against the position which the appellant here takes.

Congress has tempered the above described conflict by providing in 50 U.S.C. App. § 456(j) that the conscientious objector is exempt from combat training and service, but this does not reach the present contention that there is also an exemption from registration. In any event, the requirement does not infringe or curtail religious freedom since registering is not religious interference.[2]

■ The court did not err in curtailing the defendant-appellant's testimony as to the religious reasons for his failure to register. It was enough to allow him to state that his refusal was based on religion. Moreover, the court's charge to the jury that the appellant's religious beliefs did not constitute a defense was correct as was the court's charge as to necessity for specific intent, and although evidence as to state of mind establishing that there was no criminal intent would be admissible, the religious beliefs do not serve to nullify the presence of intent where the defendant has acted knowingly.[3] The defendant-appellant was not shown to have been suffering from any religious delusion. He acted knowingly and willfully.

■ Finally, we must reject the contention that there was unlawful discrimination. As of the present moment at least it is not arguable that Congress was powerless to adopt different requirements for men as opposed to women. The action of Congress in this regard is not to be regarded as arbitrary. See United States v. Camara, 451 F.2d 1122, 1125–1126 (1st Cir. 1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1513, 31 L.Ed. 2d 808 (1972).

The judgment is affirmed.

1. See Warren v. United States, 177 F.2d 596, 599 (10th Cir. 1949), cert. denied, 338 U.S. 947, 70 S.Ct. 485, 94 L.Ed. 584 (1950).

2. See Richter v. United States, 181 F.2d 591, 594 (9th Cir.), cert. denied, 340 U.S. 892, 71 S.Ct. 199, 95 L.Ed. 647 (1950); Gara v. United States, 178 F.2d 38, 40 (6th Cir. 1949), aff'd by an equally divided Court, 340 U.S. 857, 71 S.Ct. 87, 95 L.Ed. 628 (1950). Cf. Toussie v. United States, 397 U.S. 112, 117–119, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970); United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

3. See 21 Am.Jur.2d Criminal Law §§ 41 and 92. See also Hotema v. United States, 186 U.S. 413, 420–421, 22 S.Ct. 895, 46 L.Ed. 1225 (1902); Reynolds v. United States, 98 U.S. 145, 161–168, 25 L.Ed. 244 (1879); United States v. Cullen, 454 F.2d 386 (7th Cir. 1971).