**UNITED STATES of America,
Appellee,**

v.

**Bruce Andrew BAECHLER, Appellant.**

**No. 74–1597.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1974.

Decided Dec. 23, 1974.

Rehearing and Rehearing In Banc
Denied Feb. 5, 1975.

Certiorari Denied May 27, 1975.

See 95 S.Ct. 2000.

**14**

Deborah G. Mailman, Raleigh, N. C. [Court-appointed], for appellant.

Benjamin H. White, Jr., Asst. U. S. Atty. (N. Carlton Tilley, Jr., U. S. Atty., and Ronald V. Shearin, Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN and BRYAN, Senior Circuit Judges, and WARRINER, District Judge.

PER CURIAM:

In his trial for failure to register on March 29, 1973, in North Carolina, as required by the Military Selective Service Act, 50 App. U.S.C. § 453, Bruce Andrew Baechler maintained that the statute was invalid under the due process doctrine of the Fifth Amendment[1] and the religious freedom guaranty of the First Amendment.

The jury found him guilty on April 24, 1974, and he now appeals the District Court's conviction. We affirm. He insisted that the Act denied him equal protection of the law, first, in requiring males to register but exempting females, and, secondly, in selecting him for prosecution while not embracing all other non-registrants. Further, he charged that it deprived him of First Amendment assurance of free exercise of religion in refusing to consider his claim for conscientious-objector classification until after he registered, since that procedure itself would compromise his religious faith.

▮ Considering the nature of the demands of military service, we cannot say

---

1. Schneider v. Rusk, 377 U.S. 163, 168, 84 S.Ct. 1187, 12 L.Ed.2d 218 (1964).

that Congress had no rational basis for the distinction based on sex. While it is true that women may and do perform vital services in the armed forces of the United States, and their physical and mental capabilities are valued contributions to the nation in both peace and war, these characteristics and accomplishments do not create a constitutional obligation upon the Government to subject them to call equally with men. Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974); United States v. Bertram, 477 F.2d 1329 (10 Cir. 1973). Disagreeing with appellant we observe nothing *contra* in Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973).

■ Nor does the proof suggest that the appellant was singled out for prosecution. Undoubtedly there were many men who were obligated to register under the Act but did not do so. The reasons for overlooking the latter could have been lack of knowledge on the part of the Government of their delinquency, inability to locate them, or other understandable circumstances accounting for the absence of prosecution. At least, however, accusation of the appellant does not appear to have been a deliberately punitive determination. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); United States v. Berrigan, 482 F.2d 171, 174 (3 Cir. 1973). Certainly there was no such focus on the appellant's dereliction to warrant such an evidentiary hearing on the point as the appellant sought; or was granted in United States v. Falk, 479 F.2d 616 (7 Cir. 1973); or was discussed in United States v. Crowthers, 456 F.2d 1074, 1078 (4 Cir. 1972).

■ With respect to his First Amendment defense, it seems that in answer to his request to claim exemption as a conscientious objector, he was advised that he would have to register first. This he declined to do, explaining that as a member of the Society of Friends (Quakers), registration was a war-like step which his religious beliefs forbade. In our judgment, insistence upon his registration as a prerequisite to a claim for such exemption was not an infringement upon his First Amendment rights of religious freedom. United States v. Bertram, *supra*, 477 F.2d 1329 (10 Cir. 1973); United States v. Bigman, 429 F.2d 13 (9 Cir. 1970), cert. denied, 400 U.S. 910, 91 S.Ct. 141, 27 L.Ed.2d 150; United States v. Crocker, 308 F.Supp. 998 (D.C.Minn. 1970), aff'd, 435 F.2d 601 (8 Cir. 1971).

■ Prefatory to the assertion of his three positions, the appellant Baechler moved under F.R.Crim.P. 16(b) and 17(b) first for discovery of, and subpoenas for, any and all information resulting from interviews with appellant by the FBI, and the appellant's draft file. This data was supplied. In addition, he asked for the selective service records indicating how many men registered with the Selective Service System in the United States and in North Carolina; the number who were prosecuted for failure to register in the nation and in North Carolina; and all records of the Selective Service dealing "with the non-registration or potential registrants" for the years 1973, 1972, 1971 and 1970. The statistics-request was disallowed as failing to show that the evidence to be produced would be necessary to an adequate defense. Under United States v. Conder, 423 F.2d 904, 910 (6 Cir. 1970), cert. denied, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267, and Hemphill v. United States, 392 F.2d 45 (8 Cir. 1968), this was not error.

■ Probation should have been ordered for the appellant, he says, rather than the 26 months of imprisonment. This plea rests on the appellant's age, 19 years, and his adherence since childhood to the teachings of the Friends, constantly advocating peace and non-violence. The District Judge found that sentencing under the Youth Corrections Act, 18 U.S.C. §§ 5005–5026, would not benefit the appellant. These considerations are for the trial judge, and save in exceptional circumstances this court will

16

not presume to interfere. United States v. Pruitt, 341 F.2d 700 (4 Cir. 1965).[2]

The judgment of the District Court will be affirmed.

Affirmed.

ORDER DENYING REHEARING

The petition of appellant Bruce Andrew Baechler for rehearing in banc, having been read and considered by the entire court but no judge in regular active service or who was a member of the panel that rendered the decision in this case having requested a poll on such suggestion, and the panel of the court which heard the argument on appeal of this case having concluded that the petition presents no ground warranting modification of the decision and opinion heretofore entered herein, it is

Ordered that the petition be, and it is hereby, denied.

2. It might not be amiss to mention in this milieu Executive Order # 11,803, issued by the President of the United States on September 16, 1974, relating to the treatment of non-registrants, even though the appellant's offense was committed on March 29, 1973, one day after the expiration of the period given in the Executive Order as including cases covered by it.