STATE OF NORTH CAROLINA v. CHRISTOPHER SPICER

No. 120

(Filed 1 February 1980)

1. **Constitutional Law § 28— district attorney's refusal to dismiss charges—no denial of equal protection**

   In a prosecution for armed robbery and assault with a deadly weapon, defendant, who contended that the prosecuting witnesses did not wish to press charges, was not denied equal protection of the laws by the district attorney's refusal to drop the charges, since the district attorney could properly exercise his discretion in determining whom to prosecute; defendant could not show that all cases in which the prosecuting witness refused to press charges had been dismissed while his had not; and even if all other cases had been dismissed, defendant failed to show that, in the exercise of his discretion, the district attorney intentionally or deliberately discriminated against defendant by design.

2. **Criminal Law § 88.1— cross-examination limited—evidence already before jury**

   Defendant's cross-examination of the State's witnesses was not improperly restricted where the excluded testimony would not have shown bias against defendant and where the excluded information was already before the jury anyway.

3. **Criminal Law § 118— contentions of parties—no expression of opinion**

   The trial judge is not required to state the contentions of the parties, but when he undertakes to do so he must give equal stress to the contentions of both parties, even when defendant does not testify. The trial court in this case fully developed defendant's contentions and did not express an opinion in so doing.

4. **Criminal Law § 138.6— sentencing hearing—defendant's criminal record**

   It is not error for the trial judge during the sentencing phase of trial to see the entire record including charges of which defendant was acquitted or in which he succeeded in having the conviction overturned on appeal so long as he does not sentence the defendant while operating upon any erroneous assumptions concerning defendant's criminal record.

ON appeal by defendant from *Small, J.,* 30 April 1979 Criminal Session of NEW HANOVER County Superior Court.

The State's evidence tended to show that on the evening of 18 October 1975, defendant entered the B & J Poolroom located at Tenth and Dawson Street in Wilmington. Defendant was armed with an M-1 carbine rifle. He ordered everyone in the poolroom to "put their money on the table" and "get up against the wall." Defendant went through the pockets of some of the patrons while they were facing the wall. During the course of the robberies, some shots were fired and two patrons were injured.

The defendant did not testify and he called no witnesses in his behalf.

The jury found defendant guilty of the armed robbery of Alvin Nixon (No. 79CRS1870), Irving Green (No. 79CRS1871), Wilbert Rowell (No. 79CRS1876), Mike McRae (No. 79CRS1877), and Elton Williams (No. 79CRS1880) and guilty of assault with a deadly weapon inflicting serious injury upon Alvin Nixon (No. 79CRS1875). Judge Small consolidated cases number 79CRS1870, 1871 and 1876 for judgment and imposed a life sentence. Defendant has appealed to this Court from these convictions and imposition of a life sentence.

Cases number 79CRS1875, 1877 and 1880 were consolidated for judgment. In those three cases, one sentence of 10 years (minimum and maximum) was imposed and it was ordered that this sentence begin to run at the expiration of the life sentence. Defendant's motion to bypass the Court of Appeals on his appeal from these convictions and ten-year consecutive sentence was allowed by this Court.

Other facts necessary to the decision of this case will be discussed in the opinion.

*Ernest B. Fullwood for the defendant.*

*Attorney General Rufus L. Edmisten by Assistant Attorney General Richard L. Griffin for the State.*

COPELAND, Justice.

[1]  Defendant's first argument is that he was denied due process of law when the trial judge refused to grant him an evidentiary

hearing upon his motion to dismiss all of the charges. He also maintains that the right to such an evidentiary hearing is inherent in G.S. 15A-954. Defendant's contentions are without merit. In order to discuss defendant's due process and statutory claims, it is necessary to examine the underlying claim upon which defendant sought an evidentiary hearing.

Defendant stated that the district attorney's office in the Fifth District has established a policy of not prosecuting any defendant when the prosecuting witness has indicated that he or she does not desire to have the case prosecuted. Defendant obtained affidavits from Nixon, Rowell and Williams that they had received restitution and did not desire to prosecute any of the charges against the defendant. Defendant obtained an affidavit from McRae that he did not wish to testify or be involved in the case in any manner whatsoever and he desired that all charges be dropped. The district attorney refused to drop the charges.

Defendant filed a motion seeking to have the trial judge dismiss all of the charges. He contends that singling him out for prosecution when other members of the same class of people similarly situated (the class consisting of all defendants with felony charges brought against them in which the prosecuting witness no longer desired to prosecute) is a denial of his Fourteenth Amendment right to the equal protection of the laws. Defendant's attorney was heard on this motion. At this hearing, he requested a full evidentiary hearing at which he could present his proof that he had been denied equal protection of the laws. The trial judge denied his motion to dismiss and denied his request for an evidentiary hearing.

District attorneys have wide discretion in performing the duties of their office. This encompasses the discretion to decide who will or will not be prosecuted. In making such decisions, district attorneys must weigh many factors such as "the likelihood of successful prosecution, the social value of obtaining a conviction as against the time and expense to the State, and his own sense of justice in the particular case." Comment, *The Right to Nondiscriminatory Enforcement of State Penal Laws*, 61 Columbia L. Rev. 1103, 1119 (1961). The proper exercise of his broad discretion in his consideration of factors which relate to the administration of criminal justice aids tremendously in achieving the

goal of fair and effective administration of the criminal justice system.

Of course, the district attorney may not, during the exercise of his discretion, transcend the boundaries of the Fourteenth Amendment's guarantee of equal protection. The equal protection clause is not limited to the enactment of fair and impartial legislation, *State v. Greenwood,* 280 N.C. 651, 187 S.E. 2d 8 (1972), but also extends to the *application* of those laws by administrative officials, *Yick Wo v. Hopkins,* 118 U.S. 356, 30 L.Ed. 220, 6 S.Ct. 1064 (1886), and district attorneys, *Oyler v. Boles,* 368 U.S. 448, 7 L.Ed. 2d 446, 82 S.Ct. 501 (1962).

In the case *sub judice,* defense counsel produced statistics tending to show that other defendants had charges dismissed when the prosecuting witness so desired. Standing alone, these statistics simply show that the district attorney has in fact exercised his discretion. If these statistics alone were enough to establish a denial of equal protection, then a mandatory rule would be created requiring the district attorney to dismiss charges in all cases where the prosecuting witness so desired and there would be no discretion in this area. Defense counsel could not even state that *all* other such cases had been dismissed while this one had not. He stated at the hearing on the motion that he had been informed by the district attorney's office that there were "some cases . . . which prosecuting witnesses had asked that they be dismissed which were not dismissed." However, he added that all such cases that he had seen had been dismissed.

Even if all other cases had been dismissed, defendant has still not sufficiently alleged a denial of equal protection. A defendant must show more than simply that discretion has been exercised in the application of a law resulting in unequal treatment among individuals. He must show that in the exercise of that discretion there has been intentional or deliberate discrimination by design. *Oyler v. Boles, supra; Edelman v. California,* 344 U.S. 357, 97 L.Ed. 387, 73 S.Ct. 293 (1953); *Sunday Lake Iron Co. v. Township of Wakefield,* 247 U.S. 350, 62 L.Ed. 1154, 38 S.Ct. 495 (1918).

The facts of *Oyler v. Boles, supra,* are strikingly similar to the facts here. In *Oyler,* the defendant produced statistical evidence showing that from January, 1940 to June, 1955, he was

the only person prosecuted as a habitual offender in Taylor County, West Virginia. Five other defendants who could have been prosecuted as habitual offenders were not so prosecuted. The United States Supreme Court held:

> "Thus petitioners' contention is that the habitual criminal statute imposes a mandatory duty on the prosecuting authorities to seek the severer penalty against all persons coming within the statutory standards but that it is done only in a minority of cases. This, petitioners argue, denies equal protection to those persons against whom the heavier penalty is enforced . . . . This does not deny equal protection due petitioners under the Fourteenth Amendment. See *Sanders v. Waters*, 199 F. 2d 317 (CA10th Cir. 1952); *State v. Hicks*, 213 Or. 619, 325 P. 2d 794 (1958).
>
> Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged." *Oyler v. Boles, supra* at 455-56, 7 L.Ed. 2d at 452-53, 82 S.Ct. at 505-06.

Here, defendant's statistical evidence was insufficient to allege a denial of equal protection. He presented no evidence that he was subjected to any intentional or deliberate discrimination upon any unjustifiable standard. *State v. Cherry*, 298 N.C. 86, 257 S.E. 2d 551 (1979); *State v. Rudolph*, 39 N.C. App. 293, 250 S.E. 2d 318, *cert. denied*, 297 N.C. 179, 254 S.E. 2d 40 (1979); *New York City Transit Authority v. Beazer*, 440 U.S. 568, 59 L.Ed. 2d 587, 99 S.Ct. 1355 (1979).

The hearing afforded the defendant in this case met the requirements of due process and the right to a full evidentiary hearing is not inherent in G.S. 15A-954.

G.S. 15A-954 provides that the charges shall be dismissed on a motion by the defendant when it is determined that the statute alleged to have been violated is unconstitutional as applied to him. Defendant is certainly entitled to be heard on this motion and he received a hearing in this case.

At this hearing, defense counsel argued his legal points and read into the record the names of seven cases that arose during 1977, 1978 and 1979 in which the district attorney's office had dismissed the charges when the prosecuting witness stated that they no longer desired to have the case prosecuted. His request for a full evidentiary hearing was properly denied.

Such hearings would inevitably lead to having the district attorney take the stand to be cross-examined concerning his motive and purpose in prosecuting the case. When a defendant has alleged intentional discrimination he must have substantial evidence that it existed or no evidentiary hearing will be allowed. *United States v. Baechler,* 509 F. 2d 13 (4th Cir. 1974), *cert. denied,* 421 U.S. 993 (1975); *see, State v. Cherry, supra. A fortiorari,* no evidentiary hearing will be allowed when defendant has not even sufficiently alleged a denial of equal protection or produced any evidence of intentional discrimination. This assignment of error is overruled.

[2] Defendant's second argument is that his cross-examination of the state's witnesses was improperly restricted. He maintains that questions that would have impeached the credibility of the witnesses and would have shown bias against the defendant were improperly excluded by the trial judge.

Defense counsel failed to have the answers of the witnesses placed in the record so that we would know what the answers to those questions would have been. This failure is sufficient grounds upon which to overrule this assignment of error. *State v. Curry,* 288 N.C. 660, 220 S.E. 2d 545 (1975); *State v. Felton,* 283 N.C. 368, 196 S.E. 2d 239 (1973). In any event, it is clear from the arguments made in defendant's brief that the excluded testimony would not have shown bias against the defendant or that the witnesses may have been testifying untruthfully for the State. Indeed, the evidence shows the opposite. The witnesses desired to have all of the charges dropped and were very reluctant to testify for the State. We fail to see how this evidence would have impeached the credibility of these witnesses to the benefit of the defendant or would have shown that they were biased against the defendant.

Also, it is apparent from the record that the substance of this information was in fact placed into evidence. Witness Green testi-

fied that an order for his arrest was issued and he was told that if he did not attend the trial and testify he would be arrested. His affidavit that he wanted the charges dropped and did not wish to testify was introduced into evidence. Similar testimony was elicited on the cross-examination of Nixon, McRae and Williams. Thus, the jury was fully aware of the reluctance these witnesses had in testifying and was aware of the circumstances under which they testified. Since of all this information was before the jury, there was no error in sustaining the State's objections to these additional questions. This assignment of error is overruled.

[3] Defendant's third argument is that the trial judge impermissibly expressed an opinion while stating the defendant's contentions in violation of G.S. 15A-1222.

While the trial judge is not required to state the contentions of the parties, when he undertakes to do so he must give equal stress to the contentions of both parties. *State v. King*, 256 N.C. 236, 123 S.E. 2d 486 (1962). This is true even when the defendant does not testify. He still has contentions regarding the case that arise from his plea of not guilty, from the State's evidence and from his cross-examination of the State's witnesses. *See, State v. Sanders*, 298 N.C. 512, 259 S.E. 2d 258 (1979) (the trial judge is not required to fully recapitulate all the evidence, but when he does so he must summarize the evidence in the case that is favorable to the defendant even though defendant presented no evidence).

The defendant pleaded not guilty. This placed in issue every essential element of every crime for which he had been charged. An element of these offenses was that the defendant possessed and used a firearm to perpetrate the robberies and the assault with a deadly weapon.

In this case, we believe that the trial judge simply stated all of the various contentions of the defendant. For example, at one point the trial judge stated to the jury:

". . . therefore, you should find him not guilty, the defendant contending that he is not the person that went into the B & J Poolroom on the day in question and the defendant contends that you should return a verdict of not guilty."

At another point, the jury was instructed as follows:

"The defendant, on the other hand, contends that you should return a verdict of not guilty as to this charge, the defendant contending that there is no evidence that he intentionally assaulted anyone, the defendant contending that no one actually saw him fire a firearm that emitted a projectile that struck Alvin Nixon and, therefore, there being no eyewitnesses to the fact that he actually fired the round that struck Nixon, that you should not find him guilty of that offense."

The portion of the statement of contentions that the defendant argues constitutes prejudicial error is as follows:

"The defendant, on the other hand, contends that you should find him not guilty to this charge, the defendant contending that there were a number of people in there and that *although Alvin Nixon saw him with the rifle* the defendant contends that Alvin Nixon did not see the defendant shoot him and contends that on [sic] no one else saw him shoot Alvin Nixon and the defendant contends that someone else picked up the money off the pool table and gave it to him and that thereafter he left and the defendant contends that you should return a verdict of not guilty as to this charge." (Emphasis added.)

At yet another point, the jury was instructed that:

"The defendant, on the other hand, contends that you should not return a verdict of guilty as to this charge, the defendant contending that he did not intend to assault anyone, the defendant contending that he was not even present at the poolroom on the date in question."

It is prejudicial error for the trial judge to state an opinion on the evidence by assuming that a fact that is in issue has been established. *State v. Swaringen*, 249 N.C. 38, 105 S.E. 2d 99 (1958). We hold that no prejudicial error was committed in this case. During the statement of the defendant's contentions, the trial judge was merely stating to the jury all of the various contentions that could be raised on the State's evidence and the defendant's cross-examination of the State's witnesses; to wit, that he did not go to the B & J Poolroom on 18 October 1975; that if he

went he did not possess a firearm; and that if he did possess a firearm no one saw him fire it or take the money from the scene.

We are aware that in these situations the trial judge has a most laborious task. If he fails to give all of the contentions of the defendant (and this is difficult when the defendant offers no evidence though he certainly has contentions arising on the State's evidence or lack of it and his cross-examination of witnesses), then the defendant may complain on appeal that the trial judge failed to give equal stress to each side. When the judge attempts, as best he can, to state the contentions of the defendant, defendant may complain on appeal that the trial judge misstated the contentions or impermissibly expressed an opinion on the evidence. Of course, we shall scrupulously hold the trial judges to the requirements we have laid down in this area and that are set forth in G.S. 15A-1222 and G.S. 15A-1232 in order to insure that defendants will receive a fair trial. A statement of an opinion by the trial judge during the statement of the contentions of the parties is prejudicial error. *State v. Newton*, 249 N.C. 145, 105 S.E. 2d 437 (1958).

Here, the trial judge was merely seeking to fully develop defendant's contentions so as to comply with the requirement that he give equal stress. He prefaced the complained of portion of the statement of contentions with the remark that, "the defendant contends." He did not erroneously assume that a fact that was in issue had been established. No prejudicial error was committed. *State v. Abernathy*, 295 N.C. 147, 244 S.E. 2d 373 (1978); *State v. Saults*, 294 N.C. 722, 242 S.E. 2d 801 (1978) (*Swaringen* distinguished); *State v. Carelock*, 293 N.C. 577, 238 S.E. 2d 297 (1977); *State v. Brower*, 289 N.C. 644, 224 S.E. 2d 551 (1976); *State v. Huggins*, 269 N.C. 752, 153 S.E. 2d 475 (1967); *State v. Case*, 253 N.C. 130, 116 S.E. 2d 429 (1960), *cert. denied*, 365 U.S. 830 (1961). This assignment of error is overruled.

[4] Defendant's fourth argument is that the trial judge considered irrelevant evidence at the sentencing stage in violation of G.S. 15A-1334. He argues that in considering previous charges for which defendant was found not guilty and convictions which were overturned on appeal, he was denied due process as defined by the United States Supreme Court in *Townsend v. Burke*, 334 U.S. 736, 92 L.Ed. 1690, 68 S.Ct. 1252 (1948).

We hold that the trial judge did not consider any possibly irrelevant evidence in violation of G.S. 15A-1334. The trial judge stated to defense counsel that:

> "Well, I can assure you, Mr. Fullwood, that I do not consider that I hold it against someone for the fact that they exercise their constitutional right to enter a plea of not guilty and to demand a jury trial. I think it would be unlawful for me to do so and it is my duty to attempt to uphold the law. He is entitled to that right and I certainly would not want that to prejudice his welfare."

In *Townsend v. Burke, supra*, it was held that a sentence imposed after consideration of a previous incident for which the trial court erroneously assumed that the defendant had been convicted was a violation of due process. The Court stated that due process required that the defendant was entitled to have counsel present during the sentencing phase to correct such erroneous assumptions regarding defendant's criminal record. That is precisely what occurred in this case. There were no erroneous assumptions by the trial judge that defendant had been convicted of an offense when such was not the case or that a conviction stood when it had been overturned on appeal. It is not error for the trial judge to see the entire record including charges for which defendant was acquitted or in which he succeeded in having the conviction overturned on appeal so long as he does not sentence the defendant while operating upon any erroneous assumptions concerning defendant's criminal record. *See, Townsend v. Burke, supra; United States v. Tucker*, 404 U.S. 443, 30 L.Ed. 2d 592, 92 S.Ct. 589 (1972). Defendant's sentencing hearing was properly conducted. This assignment of error is overruled.

Defendant had a fair trial free from prejudicial error.

No error.