**Wally ROSENTHAL and Ruth Arce, Individually and for others similarly situated, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. CV 80 3013.**

United States District Court, E. D. New York.

Jan. 16, 1981.

### MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

This is a preliminary injunction motion whereby plaintiffs seek to enjoin the United States Postal Service ("USPS") from compelling plaintiffs, Wally Rosenthal ("Rosenthal") and Ruth Arce ("Arce"), and the classes they represent, to process draft registration materials. Plaintiffs also seek to enjoin USPS from disciplining both the

plaintiffs and their classes for their failure to process the Selective Service materials. It is plaintiffs' contention that they have a right to refuse to process these forms and any sanctions imposed as a result of this refusal would deny to them their First Amendment right of free speech.

On July 3, 1980, President Carter issued Proclamation 4771, 45 Fed.Reg. 45247, which requires all males born in 1960–61 to register with the Selective Service System. To this end, USPS and the Selective Service System agreed that USPS personnel would distribute the draft registration forms and information brochures at post offices throughout the nation, and then review the forms for accuracy once they were completed by each respective registrant.

Rosenthal and Arce, window clerks at the FDR Station Post Office in Manhattan, have been assigned to process these draft registration forms since July 21, 1980. Both plaintiffs object to processing these forms: Rosenthal for political and philosophical reasons, and Arce for moral reasons in that she opposes any form of war. Rosenthal has refused to process the Selective Service materials and as a result was removed from the window clerks position and is currently subject to suspension. Arce, who to date has not refused to process the draft material, contends that her freedom of speech has been chilled by the steps taken to discipline Rosenthal as she too would like to refuse to process the forms, but fears any suspension which might result because of her refusal.

In order to be granted a preliminary injunction under Rule 65(a) of the Fed.R. Civ.P., the moving party must demonstrate (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *United States v. Bedford Assoc.*, 618 F.2d 904, 912 n.15 (2d Cir. 1980); *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). Without addressing the exhaustion issue, the plain-

tiffs' failure to meet any portion of this standard mandates a denial of the motion.

While the Federal government cannot "require an individual to relinquish rights guaranteed by the First Amendment as a condition of public employment," *Abood v. Detroit Board of Education*, 431 U.S. 209, 234, 97 S.Ct. 1782, 1799, 52 L.Ed.2d 261 (1977), the ministerial act of distributing and processing draft registration forms is not protected "symbolic speech" within the purview of the First Amendment. *See, e. g., Tinker v. School District*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). This court does not accept the plaintiffs' rather expansive definition of "symbolic speech" which apparently concludes that a "limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *United States v. O'Brien*, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968). To label this processing procedure "speech" would mandate that every post office function, like mail delivery, be subject to a similar appellation once an employee refuses to perform some administrative task for political, philosophical or moral reasons. Such reasoning will not be countenanced by this court since this logic attempts to reach conduct which is clearly not within First Amendment protection.

Notwithstanding the analysis above, the motion must be denied since the requirement of Selective Service registration is not a denial of one's freedom of religion, *United States v. Reiss*, 478 F.2d 338 (2d Cir. 1973); *United States v. Bertram*, 477 F.2d 1329 (10th Cir. 1973), and thus the mere processing of the draft registration forms necessarily does not impinge upon First Amendment rights. *See Rogg v. United States Postal Service*, 80 Civ. 80 (S.D.N.Y. July 18, 1980) (Owen, D. J.). The motion therefore is denied and the stay on Rosenthal's suspension is removed.

So Ordered.