STATE OF NORTH CAROLINA v. GEORGE WILLIAM BEAN

No. 834SC176

(Filed 17 January 1984)

1. **Criminal Law § 118— charge on contentions of the parties**
    While the trial judge is not required to state the contentions of the parties, when he undertakes to do so, he must give equal stress to the contentions of both parties. Even when the defendant presents no evidence, the trial judge must summarize the evidence in the case that is favorable to the defendant, including contentions arising from defendant's plea of not guilty, from the State's evidence, and from defendant's cross-examination of the State's witnesses.

2. **Criminal Law § 118.2— charge on defendant's contentions—no expression of opinion**
    The trial court's attribution to defendant of contentions that defendant was in the service and it was not uncommon for persons in the service to keep unreasonable hours and that testimony against him by the State's witness was an attempt to be vindictive and get back at defendant for something that oc-

State v. Bean

curred between them was a legitimate attempt to develop fully the contentions of a defendant who offered no evidence and did not constitute an expression of opinion. G.S. 15A-1222 and G.S. 15A-1232.

3. **Criminal Law § 118.4— failure to state contention—error cured by instruction**

Any error in the court's failure to restate defense counsel's jury argument that the State's chief witness had arranged for defendant to be set up and wrongfully implicated was cured by the court's supplementary instruction following the recapitulation of defendant's contentions that "contentions argued to you by the attorneys and legitimately warranted by the evidence are to be considered by you in arriving at your verdict."

4. **Criminal Law § 91— speedy trial period—beginning date after appellate review**

The speedy trial time limit begins to run after appellate review on the date that the opinion of the appellate division is certified to the superior court.

5. **Criminal Law § 91— speedy trial period—delays from plea bargaining and absence of State's witness**

The trial judge properly excluded from the 120 day speedy trial period a delay of 17 days resulting from defendant's action in indicating to the district attorney that he would accept a plea arrangement and a delay of 33 days caused by the unavailability of the State's essential witness. G.S. 15A-701(b)(1) and (3); G.S. 15A-701(c).

Judge PHILLIPS concurring.

APPEAL by defendant from *Small, Judge.* Judgment entered 25 August 1982 in Superior Court, ONSLOW County. Heard in the Court of Appeals 21 October 1983.

In 1980, defendant was indicted for felonious possession with intent to manufacture, sell and deliver more than one ounce of marijuana. Defendant was tried before a jury and found guilty on 18 December 1980. Defendant appealed from judgment imposing a prison sentence, and on 15 December 1981, the North Carolina Court of Appeals awarded him a new trial. The North Carolina Supreme Court denied the State's petition for discretionary review on 3 March 1982. *State v. Bean,* 55 N.C. App. 247, 284 S.E. 2d 760 (1981), *rev. denied,* 305 N.C. 303, 290 S.E. 2d 704 (1982). The Supreme Court's order denying discretionary review was certified to the Onslow County Superior Court on 12 March 1982.

Defendant was retried at the 15 August 1982 session of Onslow County Superior Court. The State presented evidence to show that defendant arranged a drug transaction with Pat Rodriguez and, pursuant to that arrangement, delivered a brown paper

bag containing marijuana to the Onslow County public landfill. Defendant offered no evidence at trial. The jury found defendant guilty, and on 25 August 1982, the trial judge sentenced him to a split term of a six month active sentence and a three to five year suspended sentence with supervised probation. On 7 September 1982, defendant filed a motion for appropriate relief, which was denied on 25 October 1982.

From judgment and denial of his motion for appropriate relief, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Barry S. McNeill, for the State.*

*Cameron and Cameron, by W. M. Cameron, III, for defend-. ant-appellant.*

EAGLES, Judge.

Defendant first assigns as error the trial judge's recapitulation of defendant's contentions to the jury. Defendant alleges that the trial judge attributed to the defendant contentions based on material facts not in evidence and contrary to the arguments made to the jury by defendant's attorney. We are not persuaded.

[1] A trial judge is required to "declare and explain the law arising on the evidence" and to state the evidence only to the extent necessary to explain the application of the law to the evidence. G.S. 15A-1232. While the trial judge is not required to state the contentions of the parties, when he undertakes to do this, he must give equal stress to the contentions of both parties. *State v. Spicer,* 299 N.C. 309, 315, 261 S.E. 2d 893, 897 (1980). Even when, as here, the defendant presents no evidence, the trial judge must summarize the evidence in the case that is favorable to the defendant. This includes contentions that arise from defendant's plea of not guilty, from the State's evidence, and from defendant's cross examination of the State's witnesses. *Id.* In so doing, the trial judge may not express an opinion on the evidence. G.S. 15A-1222 and 15A-1232. Our Supreme Court, recognizing the tension between the requirement to give equal stress to the contentions of both parties and the requirement that no opinion be expressed, has held that a trial judge may seek to "fully develop"

the contentions of a defendant who has offered no evidence. *State v. Spicer*, 299 N.C. at 317, 261 S.E. 2d at 899.

Defendant's counsel argued to the jury that the State's major witness, Rodriguez, gave defendant's name to law enforcement officers as his alleged source and "set up" defendant to deliver more marijuana, pursuant to a plea bargain whereby Rodriguez would receive probation for pleading guilty to the offense of sale and delivery of marijuana. Defendant's counsel asserted that Rodriguez arranged for marijuana to be placed at the public landfill during the evening of 3 September 1980 and then lured defendant to the landfill during the early morning hours of 4 September 1980.

[2]  The trial judge attributed the following contentions to the defendant: that defendant was not involved with illegal drug activities; that he went to the landfill early on 4 September 1980 for valid and lawful reasons, i.e., to dump his trash; that he was in the service and that it was not uncommon for persons in the service to keep unreasonable hours; that he dumped his trash early on 4 September 1980; that he did not use the landfill as a drop point for illegal drugs; that Rodriguez had been a friend of his; that Rodriguez's testimony must be an attempt to be vindictive and to get back at defendant for something that occurred between them; and that defendant was entitled to a presumption of innocence.

[3]  Defendant argues that there was no evidence that military personnel keep irregular hours or that Rodriguez's actions were vindictive. We find no prejudicial error in either of these statements but, rather, a legitimate attempt to fully develop the contentions of a defendant who has offered no evidence. Defendant also asserts that the trial judge erred in failing to restate defense counsel's jury argument that Rodriguez had arranged for defendant to be set up and wrongfully implicated. We find that any error in this regard was clearly cured by the trial judge's supplementary instruction which followed his recapitulation of defendant's contentions. He instructed the jury that:

> The attorneys for the State and the Defendant are officers of the court. They have a duty. And that one of their duties is to argue to you the contentions that are warranted by the evidence. And I would instruct you that these contentions argued to you by the attorneys and legitimately warranted

by the evidence are to be considered by you in arriving at your verdict.

The trial judge reemphasized this instruction to the jury after a request to do so by defendant's attorney. We therefore hold that the trial judge's instructions were free of opinion and did not prejudice the defendant.

Defendant's next assignment of error is that the trial court erred in denying his motion to dismiss for violation of the Speedy Trial Act. G.S. 15A-701, *et seq.* Defendant contends that the provision of G.S. 15A-701(a1)(5) requiring that the trial of a defendant shall begin "within 120 days from the date the action occasioning the new trial becomes final" dictates that the 120 days should begin to run on 3 March 1982, the date when the Supreme Court denied his petition for discretionary review. We do not agree.

[4, 5] The time limit begins to run after appellate review on the date that the opinion of the appellate division is certified to the superior court. See, *State v. Morehead,* 46 N.C. App. 39, 44, 264 S.E. 2d 400, 403, *rev. denied,* 300 N.C. 201, 269 S.E. 2d 615 (1980). The Supreme Court's order denying discretionary review was certified to the North Carolina Court of Appeals on 9 March 1982 and was certified by the Court of Appeals to the Onslow County Superior Court on 12 March 1982. Therefore, the time limit began to run on 12 March 1982. At the hearing on defendant's speedy trial motion, the trial judge properly excluded the following periods of time from computation of the 120 days: seventeen days, between 17 May 1982 and 3 June 1982, because the delay resulted from defendant's action in indicating to the district attorney that he would accept a plea arrangement (see G.S. 15A-701(b)(1) and G.S. 15A-701(c)); thirty-three days, between 3 June 1982 and 6 July 1982, because of the unavailability of the State's essential witness, Rodriguez (see G.S. 15A-701(b)(3)); and thirty-five days, between 19 July 1982 and the trial date of 23 August 1982, which defendant agrees were properly excluded. When the case came on for retrial on 23 August 1982, seventy-nine includable days had passed, a time period well within the 120 day limit specified by G.S. 15A-701(a1)(5). We find no error in the trial court's denial of defendant's motion to dismiss for violation of the Speedy Trial Act.

Defendant's final assignment of error is that the trial court improperly denied his motion for appropriate relief based on improper jury instructions. G.S. 15A-1414(b)(1)(d). We disagree. As noted above, any error in the trial judge's recapitulation of defendant's contention was cured by the judge's supplementary instruction. We find no error in the trial court's denial of defendant's motion for appropriate relief.

No error.

Judges WEBB and PHILLIPS concur.

Judge PHILLIPS concurring.

The defendant's contention that he was irretrievably prejudiced by the judge misstating his contentions gives rise to the following observations: Judicial misstatements, whether of the evidence or positions taken by a litigant, that are just begun and that are corrected at the time are usually much less harmful than those that are fully stated and corrected later; and while interrupting trial judges is neither the safest nor most pleasant task required of a trial lawyer, there are times when it cannot be avoided without harm to either the client or the process, or both. The record shows that the claimed misstatements were not called to the judge's attention until all of the several contentions mistakenly given were completed and the regular charge was over, and that the judge then told counsel he would make such corrective instructions as were requested and in fact did so. If the judge's misstatements were such that they could not be satisfactorily corrected by supplementary instructions later, counsel should have corrected the court, it seems to me, the instant that that became apparent to him, which must have been shortly after the judge took a wrong turn. Under those circumstances, which are not to be compared with routinely excepting to a portion of the charge, waiting until the charge was completed, if not a waiver, was at least an indication that the mistake was not as grievous as now contended.