TYSON, Judge.
I. Background
On 7 January 2003, Rajiv Lamar Mabry ("defendant") pled guilty pursuant to a plea arrangement to a charge of common law robbery. The trial court imposed a sentence of ten to twelve months imprisonment, suspended the sentence, and placed defendant on supervised probation for thirty-six months. Defendant's probation officer filed a violation report on 25 July 2003, which alleged twenty-three violations of six conditions of probation. An order for defendant's arrest was issued.
Defendant was arrested on 29 July 2003 and held under a $5,000.00 secured bond. On 28 August 2003, a public defender was appointed to represent defendant. A motion to dismiss theprobation violation was filed on 9 September 2003. Defense counsel alleged that defendant had been held for a period of thirty-seven days in violation of N.C. Gen. Stat. § 15A-1345(c) before he was released on an unsecured bond.
At the probation violation hearing on 11 September 2003, defense counsel stated, without objection, that fifteen probation violation cases had been released from jail on unsecured bonds on the preceding Thursday, 4 September 2003. Those individuals had been held more than seven working days without a preliminary hearing being held as required by N.C. Gen. Stat. § 15A-1345(c). Defense counsel argued because of this noncompliance with N.C. Gen. Stat. § 15A-1345(c), defendant's probation violation should be dismissed pursuant to N.C. Gen. Stat. § 15A-954(a)(1), (4) and (5). After the trial court denied his motion, defendant admitted the twenty-three violations of six conditions of probation listed in the violation report. The trial court found that defendant had willfully and without valid excuse violated those conditions of probation, revoked defendant's probation, and activated his suspended sentence. Defendant appeals.
II. Issues
Defendant contends the trial court erred by denying his motion to dismiss the probation violation charge. He argues his unlawful pre-hearing confinement was a denial of his right to equal protection of the law, which resulted in the imposition of punishment not permitted by law.
III. Timely Preliminary Hearing
Defendant correctly observes N.C. Gen. Stat. § 15A-1345(c) (2003) provides a remedy for failure to provide a timely preliminary hearing:
Unless the [revocation] hearing required by subsection (e) is first held or the probationer waives the hearing, a preliminary hearing on probation violation must be held within seven working days of an arrest of a probationer to determine whether there is probable cause to believe that he violated a condition of probation. Otherwise, the probationer must be released seven working days after his arrest to continue on probation pending a hearing.
The record shows defendant was held in custody for twenty-five working days following his arrest without either a preliminary hearing or a waiver of that hearing. The remedy prescribed by the statute for noncompliance is that "the probationer must be released seven working days after his arrest to continue on probation pending a hearing." Id. Once defendant made the trial court and the State aware of his continued confinement in violation of the statute, he was released from custody.
Defendant has failed to show how lack of a preliminary hearing prejudiced him. See N.C. Gen. Stat. § 15A-1443 (2003). Of the twenty-three violations of probation reported, only the single violation of the monetary condition of probation may have been addressed by defendant had he been released sooner. Because the probation revocation hearing was held, the failure to hold the preliminary hearing was harmless. N.C. Gen. Stat. § 15A-1345(c); see State v. Seay, 59 N.C. App. 667, 669, 298 S.E.2d 53, 54 (1982), disc. rev. denied, 307 N.C. 701, 301 S.E.2d 394 (1983). Defendant's claim of denial of equal protection of the law is not persuasive.
IV. Conclusion
Defendant "presented no evidence he was subjected to any intentional or deliberate discrimination upon any unjustifiable standard" or that he was harmed by the delay. State v. Spicer, 299 N.C. 309, 313, 261 S.E.2d 893, 896 (1980). Defendant is entitled to credit for all days he was jailed awaiting hearing against his sentence.
Affirmed.
Judges WYNN and GEER concur.
Report per Rule 30(e).