STATE OF NORTH CAROLINA v. PRESTON WILLIAMS AND ANGELA MILLANDER

No. 23

(Filed 5 March 1980)

**Searches and Seizures § 40— search under warrant—items not listed—seizure proper**

> The trial court properly allowed into evidence letters and photographs seized during the search of a mobile home occupied by defendants, though the items were not specifically listed in the warrant as objects of the search, since the letters and photographs were in plain view of an officer who came across them while conducting an authorized and reasonable search for heroin, and the items were subject to removal or destruction if not immediately seized by the officer; furthermore, the letters and photographs inadvertently seen by the officer prior to the heroin's discovery were clearly subject to seizure pursuant to G.S. 15A-253 as providing evidence tending to show the identity of the persons living in or owning the trailer.

ON the State's petition for discretionary review of an opinion of the Court of Appeals, reported at 42 N.C. App. 662, 257 S.E. 2d 457 (1979), reversing judgments entered by *Stevens, J.* on 16 November 1978 at the 16 November Session Superior Court, ONSLOW County.

Both defendants were charged with felonious possession of heroin, a controlled substance included in Schedule I of the Controlled Substances Act, in violation of G.S. 90-95(a)(1). On pleas of not guilty both defendants were tried by a jury and found guilty of the offense charged. Defendant Millander received a sentence of imprisonment from 2 to 5 years with a recommendation for work release while defendant Williams was sentenced to imprisonment for a period of 3 to 5 years.

At trial the State's evidence tended to show the following: On August 16, 1978 at approximately 11:30 p.m., Deputy Sheriffs Henderson, Parvin, Pridgeon and Cooper of the Onslow County Sheriff's Department conducted a search pursuant to a validly issued search warrant of a mobile home located at 212-K Maplehurst Road. The search warrant was an "occupant warrant" listing the premises to be searched, and that the item to be seized was heroin. Five people were present at the mobile home when the deputies entered to search for the heroin. They were Mr. Williams, Ms. Millander, another unnamed black woman, and a

small baby. Deputy Sheriff Cooper read the search warrant, and then read Mr. Williams his constitutional rights. Detectives Henderson and Parvin then conducted a search of the trailer's master bedroom and bath. While searching in the master bathroom, Detective Henderson discovered a container located in the cabinet under the sink containing a substance later identified as heroin. Upon discovery of the heroin, Deputy Henderson advised Deputy Parvin that they needed evidence tending to show the identity of the persons living in or owning the trailer. Deputy Parvin told him that while he had been searching for the heroin in the master bedroom, that he had seen some letters and photographs in the top right hand drawer of the dresser. After the heroin was discovered Deputy Parvin went back to the dresser and confiscated these previously seen photographs and letters as tending to identify the persons who owned or lived in the trailer.

On the night of 16 August 1978, Deputy Cooper placed defendant Williams under arrest for he was in possession of narcotic "buy money" which the officers were also looking for. [Defendant Williams does not question the legality of his arrest on this appeal.] Defendant Millander was not arrested until 18 September 1978, when the report from the police laboratory confirmed that the substance confiscated from the trailer was heroin. None of the other parties present at the trailer was arrested.

In a pre-trial motion, defendants moved to exclude the letters and photographs from evidence as having been illegally seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and in substantial violation of Chapter 15A of the North Carolina General Statutes. Judge Stevens denied the motions ruling that the objects were proper subjects of seizure under the search warrant, and therefore admissible. The Court of Appeals reversed this ruling in *State v. Williams*, 42 N.C. App. 662, 257 S.E. 2d 457 (1979). On 6 November 1979 we granted the State's petition for discretionary review pursuant to G.S. 7A-31.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Ralf F. Haskell, for the State.*

*Billy Sandlin for the defendant, Preston Williams.*

*Jimmy F. Gaylor for the defendant, Angela Millander.*

BROCK, Justice.

The sole question for review by this Court is the admissibility of letters and photographs seized by deputies of the Onslow County Sheriff's Department during a search of the mobile home occupied by the defendants. The deputies searched the mobile home pursuant to a validly issued "occupant warrant" which specified heroin as the object of the search. From the trailer's bathroom, a substance later determined to be heroin was seized, and after the heroin was discovered, letters and photographs which had been seen earlier were also taken from the adjoining bedroom. For the reasons which follow, we hold that the letters and photographs, though not specifically listed on the warrant as objects of the search, were properly seized and admitted into evidence.

In *Katz v. United States*, 389 U.S. 347, 357, 19 L.Ed. 2d 576, 585, 88 S.Ct. 507, 514 (1967), the United States Supreme Court noted, ". . . searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." We are of the opinion that the seizure of these letters and photographs which were not listed on the face of the warrant and therefore seized without prior judicial approval, was proper as coming within just such a well-delineated exception; that of "plain view." The "plain view" exception was discussed by the United States Supreme Court in *Coolidge v. New Hampshire*, 403 U.S. 443, 465, 29 L.Ed. 2d 564, 582, 91 S.Ct. 2022, 2037, *reh. den.*, 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971), where that court noted:

> "It is well established that under *certain circumstances* the police may seize evidence in plain view without a warrant . . . . An example . . . of the 'plain view' doctrine is . . . [where] the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character." (Citations omitted.) (Emphasis ours.)

In *Coolidge* the United States Supreme Court also defined the *circumstances* which must be present for an object discovered by officers without a warrant to be admissible under the "plain view"

exception. First, the officers must have prior justification for the intrusion onto the premises being searched (other than observing the object which is later contended to have been in plain view). Secondly, the incriminating evidence must be *inadvertently discovered* by the officers while on the premises. *Id.* at 466, 29 L.Ed. 2d at 583, 91 S.Ct. at 2038. *Accord State v. Richards*, 294 N.C. 474, 489, 242 S.E. 2d 844, 854 (1978); *State v. Riddick*, 291 N.C. 399, 230 S.E. 2d 506 (1976).

In the case *sub judice* the officers were justifiably on the premises by virtue of the search warrant issued by a disinterested judicial authority, authorizing them to search the mobile home for heroin. While searching for heroin in the dresser located in the master bedroom, Deputy Parvin saw the pictures and letters which the defendants seek to exclude from evidence. However, at the time of discovery, Deputy Parvin did not seize the letters. Only after Deputy Henderson discovered the heroin in the attached bathroom, and suggested to Deputy Parvin that they needed evidence of the trailer's ownership, did Deputy Parvin go back to the dresser and confiscate the letters and photographs. Since Deputy Parvin had inadvertently seen the letters and photographs earlier while conducting an authorized and reasonable search for heroin, subsequent warrantless seizure of these letters and photographs is permissible coming within the "plain view" exception. Having seen the letters and photographs in a place where he was clearly authorized to search for heroin, Deputy Parvin was not required thereafter to forget or ignore the fact that he had seen them. The items were certainly subject to removal or destruction by defendants if not immediately seized by the officer. We are not here concerned with a situation where, after discovery of the heroin, the officers commenced an additional search for items of identification.

We also note that pursuant to G.S. 15A-253 the photographs and letters are admissible into evidence. G.S. 15A-253 in defining what items *not named* in a search warrant may be seized, provides as follows: ". . . [i]f in the course of the search the officer inadvertently discovers items not specified in the warrant which are subject to seizure under G.S. 15A-242, he may also take possession of the items so discovered." G.S. 15A-242(4) provides that an item is subject to seizure if it "[c]onstitutes evidence of . . . the identity of a person participating in an offense." After

the officers discovered the heroin, the letters and photographs inadvertently seen by Deputy Parvin prior to the heroin's discovery, are clearly subject to seizure pursuant to G.S. 15A-253 as providing evidence of these defendants' identities.

We therefore conclude that Judge Stevens properly allowed the letters and photographs into evidence. The opinion of the Court of Appeals is reversed, the judgment of the trial court is affirmed, and this cause is remanded to the Court of Appeals for further remand to the Superior Court, Onslow County, for issuance of commitments to place the prison sentences into effect.

Reversed and remanded.