STATE OF NORTH CAROLINA v. GREGORY DEAN PATTERSON

No. 8025SC497

(Filed 6 January 1981)

1. Homicide § 28.5— defense of another — sufficiency of evidence to require instruction

The evidence in a homicide case was sufficient to require an instruction on the right of defendant as a private citizen to interfere with and prevent the victim from committing a felonious assault on another where defendant presented evidence tending to show that the victim had dated one Theodoria Hunter for several years and that she had a child by him; the victim had a history of altercations with other men whom Ms. Hunter dated, including two incidents involving guns and one incident in which the victim had cut another man with a knife; defendant had been dating Ms. Hunter; on the date in question defendant drove his car to Ms. Hunter's home; the victim pulled his car in front of defendant's car and the two engaged in an argument; the victim told defendant he was going to get his gun and go in the house and beat Ms. Hunter; defendant saw the victim with his hand in his pocket and thought he had a gun; defendant was frightened for both himself and Ms. Hunter because he knew the victim had threatened their lives several times and thought he had to try to stop the victim as best he could; as the victim went toward Ms. Hunter's house defendant "ran around to the corner of the house" and shot the victim twice, whereupon the victim "staggered as if he had been hit"; the victim then ran into the house and defendant stuck his arm through the door and fired three to five more times.

2. Homicide § 28.5— instructions — final mandate — not guilty by reason of defense of another

The trial court in a homicide prosecution erred in failing to include not guilty by reason of defense of another in the final mandate to the jury, and such error was not cured by discussion of the law of defense of another in the body of the charge.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 24 October 1979 in Superior Court, CATAWBA County. Heard in the Court

State v. Patterson

of Appeals 9 October 1980.

Defendant was charged in a proper bill of indictment with the 2 March 1976 murder of Michael Millsaps. The jury in defendant's initial trial returned a verdict of guilty of second degree murder. The North Carolina Supreme Court found error in the charge to the jury and ordered that defendant be awarded a new trial. *State v. Patterson,* 297 N.C. 247, 254 S.E.2d 608 (1979).

The stipulations entered at defendant's first trial were made a part of the record of this re-trial. These included a stipulation "[t]hat Michael Millsaps died March 2, 1976, as a proximate result of gunshot wounds inflicted upon him by the defendant . . . ." Defendant thus did not attempt to deny that the victim's death ensued from defendant's acts; rather, he sought through his evidence to establish a defense of self-defense or defense of another.

In summary, the evidence at trial tended to show that the victim had dated one Theodoria Hunter for several years and that she had a child by him; that the victim had a history of altercations with other men whom Ms. Hunter dated; that defendant had been dating Ms. Hunter; that on 2 March 1976 defendant drove his car to Ms. Hunter's home; that the victim pulled his car in front of defendant's and the two engaged in an argument; that the victim indicated to defendant that he was going to go into the house and beat Ms. Hunter; that defendant saw the victim with his hand in his pocket and thought he had a gun; that as the victim went toward Ms. Hunter's house defendant "ran around to the corner of the house" and shot at the victim twice, whereupon the victim "staggered as if he had been hit"; that the victim then "ran into the house," and defendant "stuck his arm through the door and fired three (3) to five (5) more times"; that "the deceased, just before he was shot, could have been proceeding towards the Defendant or towards the house"; and, as stipulated, that the victim died as a result of the wounds inflicted by defendant.

The jury returned a verdict of guilty of voluntary manslaughter. From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Alfred N. Salley, for the State.*

*Sigmon and Sigmon, by C. Randall Isenhower, for defendant appellant.*

WHICHARD, Judge.

Defendant contends the trial court erred in failing to instruct in its final mandate to the jury as to the defense of "defense of another."

The principle of law is well settled in this jurisdiction that "[i]f the defendant * * * had a well-grounded belief that a felonious assault was about to be committed on * * * (another), he had the right and it was his duty as a private citizen to interfere to prevent the supposed crime." *State v. Hornbuckle,* 265 N.C. 312, 315, 144 S.E.2d 12, 14 (1965), *quoting from State v. Robinson,* 213 N.C. 273, 282, 195 S.E. 824, 830 (1938). Defendant offered by his own testimony, in attempting to establish that his assault on the deceased, Michael Millsaps, was motivated by "a well-grounded belief that a felonious assault was about to be committed" by Millsaps upon Ms. Hunter, evidence tending to show the following:

The defendant "started going with" Ms. Hunter shortly after July, 1975. He first became aware of Millsaps when Millsaps came to defendant's apartment on an occasion when Ms. Hunter was there, and Millsaps "was pointing his finger in Ms. Hunter's face and shoving her." Later that day Ms. Hunter told defendant she had dated Millsaps, and that he had "started some trouble" with some other men she had dated. When she was dating one of these men, there had been an incident in which Millsaps had come around with a gun "and [the man] had to get his gun." Millsaps had cut with a knife another man Ms. Hunter had dated, and had had an incident in which "a gun was involved" with a third.

On the date defendant shot Millsaps defendant had driven his car to Ms. Hunter's house. Millsaps "drove up and blocked in the Defendant." When defendant tried to start his car, Millsaps grabbed defendant's car keys and "started beating on the Defendant," saying "he was going to kill the Defendant." Millsaps "told the Defendant that he . . . was going to his car, *get his .44 magnum gun and then go into the house and beat Ms. Hunter.*" He was going to 'kick her ass'. " The defendant "was frightened for both himself *and Ms. Hunter* because he knew that Michael Millsaps had threatened *their* lives several times." Defendant saw Millsaps getting out of his car "with his hand down in his pants" and he "thought . . . Millsaps had a gun." Defendant thought "at that time, his *and Ms. Hunter's* lives were in danger, and . . . he had to try to stop Millsaps as best he could."

Defendant *"thought Ms. Hunter's life was in danger* because . . . Millsaps said he was going to kick her ass and because he had beaten Ms. Hunter a number of times . . . . [S]he had told [him] of Millsaps' beating her in the past." (Emphasis supplied *passim.*)

**[1]**   This evidence "was sufficient to require an instruction as to the right of the defendant as a private citizen to interfere with and prevent the prosecuting witness from committing a felonious assault" on Ms. Hunter. *Hornbuckle,* 265 N.C. at 314, 144 S.E.2d at 13. G.S. 15A-1232, like former G.S. 1-180,

> requires that the trial judge fully instruct the jury as to the law based on the evidence in the case. It is the duty of the court to charge the jury on all substantial features of the case arising on the evidence without special request therefor. (Citations omitted.) And all defenses presented by defendant's evidence are substantial features of the case.

*State v. Dooley,* 285 N.C. 158, 163, 203 S.E.2d 815, 818 (1974).

**[2]**   The trial court, in recognition of this duty, fully instructed the jury on the defense of another in the main body of the charge. It failed to do so, however, in its final mandate to the jury, the pertinent portion of which was as follows:

> So, members of the Jury, I charge you that if you find from the evidence, beyond a reasonable doubt, that on or about the 2d of March, 1976, Gregory Patterson, intentially and with malice and without justification or excuse, shot Michael Millsaps with a .22 Caliber pistol, a deadly weapon, thereby proximately causing Michael Millsaps' death, it would be your duty to return a verdict of guilty of second degree murder. However, if you do not so find or you have a reasonable doubt as to one or more of these things, you will not return a verdict of guilty of second degree murder. If you do not find the Defendant guilty of second degree murder, you must consider whether or not he is guilty of voluntary manslaughter and if you find from the evidence, beyond a reasonable doubt, that on or about the 2d day of March, 1976, Mr. Patterson intentionally and without justification or excuse, shot Michael Millsaps, with a .22 Caliber pistol, a deadly weapon, thereby proximately causing Michael Millsaps' death, but the State has failed to satisfy

you beyond a reasonable doubt that the Defendant acted with malice because it has failed to satisfy you beyond a reasonable doubt that Mr. Patterson did not act in heat of passion upon adequate provocation or because it has failed to satisfy you beyond a reasonable doubt that Greg Patterson did not act in self defense, but the State has proven beyond a reasonable doubt that Mr. Patterson used excessive force in his self defense, it would be your duty to return a verdict of guilty of voluntary manslaughter. However, if you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty unless the State has satisfied you beyond a reasonable doubt, either first, that Greg Patterson did not reasonably believe under the circumstances as they existed at the time of the killing, that he was about to suffer death or serious bodily injury at the hand of Millsaps, or second, that Greg Patterson used more force than reasonably appeared to him to be necessary, or third, that Greg Patterson was the aggressor, then the killing of Millsaps by Greg Patterson would be justified on the ground of self defense and it would be your duty to return a verdict of not guilty.

In *Dooley* our Supreme Court held that the failure to include an instruction on self-defense in the trial court's final mandate to the jury was not cured by discussion of the law of self-defense in the body of the charge and that such failure was prejudicial error entitling the defendant to a new trial. The Court said, per Justice Moore:

The failure of the trial judge to include not guilty by reason of self-defense as a possible verdict in his final mandate to the jury was not cured by the discussion of the law of self-defense in the body of the charge. By failing to so charge, the jury could have assumed that a verdict of not guilty by reason of self-defense was not a permissible verdict in the case.

258 N.C at 165-166, 203 S.E.2d at 820. *See also State v. Messimer,* 237 N.C. 617, 75 S.E.2d 540 (1953); *State v. Hall,* 31 N.C. App. 34, 228 S.E.2d 637 (1976); *State v. Girley,* 27 N.C. App. 388, 219 S.E.2d 301

(1975) *disc. review denied* 289 N.C. 141, 220 S.E.2d 799 (1976).

In 1 Strong's North Carolina Index 3d, *Assault and Battery* § 15.5, at 511-512, we find, with supporting citations, the following:

> The court must submit the defense of self-defense, or defense of home, *or defense of others* when raised by defendant's evidence, notwithstanding the state's evidence to the contrary, and must charge thereon *in each portion of the instructions in which the question is germane.* (Emphasis supplied.)

The symmetry of our law would be skewed severely, and logic would be defied, were instructions to be required in the final mandate to the jury as to the mitigating circumstance of self-defense but not as to the mitigating circumstance of defense of others. These defenses are clearly the same in nature, and the rationale for requiring instructions in the final mandate as to one applies with equal force as to the other. Further, the evidence here tending to establish the mitigating circumstance of self-defense was minimal at best, while there was a significant body of evidence from which the jury could have found the mitigating circumstance of defense of another. The jury could have assumed from the fact that the court charged in its final mandate on self-defense, but not on defense of another, that a verdict of not guilty by reason of self-defense was a permissible verdict, while a verdict of not guilty by reason of defense of another was not.

We regret the necessity of requiring yet a third trial of this matter, but the trial court's failure to include an instruction in its final mandate allowing the jury to find defendant not guilty by reason of defense of another was prejudicial error entitling defendant to a new trial. Because we make this disposition of defendant's appeal, we deem it unnecessary to discuss the other errors assigned.

New trial.

Judges CLARK and WEBB concur.