STATE OF NORTH CAROLINA v. RANDOLPH HODGES

No. 802SC774

(Filed 17 March 1981)

**Constitutional Law § 67– identity of confidential informant – disclosure required**

In this prosecution for sale of marijuana and possession of marijuana with intent to sell, defendant's right to due process was violated by the State's refusal to reveal the identity of a confidential informant who introduced an SBI undercover agent to defendant and was present when defendant sold marijuana to the agent.

APPEAL by defendant from *Brown, Judge*. Judgment entered 3 July 1980 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 8 January 1981.

Defendant was charged with (1) sale of marijuana, and (2) possession of marijuana with intent to sell on 21 February 1980. Defendant had previously been convicted of a separate offense under the Controlled Substance Act. He was found guilty as charged of the sale and guilty of the lesser offense of possession of marijuana. He appeals from the judgment imposing a two-year prison term on the sale of marijuana conviction.

Defendant was found not guilty of like charges allegedly committed on 4 April 1980.

On 1 May 1980 defendant's counsel wrote to the District Attorney requesting the names and addresses of all persons present and participating in the alleged sale of marijuana. The letter was not answered.

On 30 May 1980 defendant moved for discovery of all evidence under G.S. 15A-903 as requested in his letter of 1 May 1980.

On 1 July 1980 defendant moved to suppress the testimony of S.B.I. Agent John Bowden on the ground that he was acting as undercover agent in concert with informant Henry Gorham, who participated in the offenses, and that the State had failed to reveal the name of the informant. The record reveals that defendant did not become aware of the informant and his name until 2:30 p.m. on 1 July 1980.

On the following day the case was called for trial, and the motion was denied, without hearing, but the court ordered the arrest of Henry Gorham. The court also denied a motion for continuance.

At trial Agent Bowden testified that he and confidential informant Henry Gorham went to defendant's home on 21 February 1980, where Gorham introduced Agent Bowden to defendant. Defendant sold a half-ounce of marijuana to Bowden for $20.00. Agent Bowden and Gorham then left defendant's home and met other S.B.I. agents.

The defendant stipulated that he had been convicted of possession of marijuana with intent to sell on 23 May 1979.

Defendant offered no evidence, but moved for a mistrial because Henry Gorham had not been found. The motion was denied.

*Attorney General Edmisten by Assistant Attorney General Alan S. Hirsch for the State.*

*James R. Vosburgh for defendant appellant.*

CLARK, Judge.

The principal question raised by this appeal is whether the defendant's Due Process Right was violated by the prosecution's refusal to disclose the identity of an informant who was present during and participated in the offenses charged.

At the outset we note that we are not concerned with probable cause for an arrest or probable cause for a search warrant under G.S. 15A-978. *See State v. Ketchie,* 286 N.C. 387, 211 S.E. 2d 207 (1975). Instead, we are involved with guilt or innocence, the right of the defendant to know the identity of a participating informant in advance of trial so that the defendant may properly prepare his defense. In the question we are guided by *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957), where the petitioner had been charged with the sale of heroin to "John Doe," and the government refused to disclose on the grounds that since John Doe was an informer it was the prosecution's privilege to withhold his identity. In allowing relief on the petition for *habeas corpus* the court stated:

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. . . . The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

\* \* \* \*

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

*Id.* at 59, 62, 1 L. Ed. 2d at 644, 646, 77 S. Ct. at 627, 628-29.

The *Roviaro* court found that the circumstances demonstrated that John Doe's possible testimony was highly relevant and might have been helpful to the defense, concluding that the informer's privilege is not absolute, and that disclosure is required when the informer participates in the alleged crime and is thus a material witness and might have been helpful to the defense. Though *Roviaro* was decided in 1957, the decision is often recognized and cited in both federal and state court decisions to support the principle of law that disclosure is required where the informant is an actual participant. *See United States v. Raddatz,* 447 U.S. 667, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980); *State v. Ketchie,* 286 N.C. 387, 211 S.E. 2d 207 (1975); *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973); *State v. Orr,* 28 N.C. App. 317, 220 S.E. 2d 848 (1976); *State v. Parks,* 28 N.C. App. 20, 220 S.E. 2d 382 (1975), *cert. denied,* 289 N.C. 301, 222 S.E. 2d 701 (1976).

We must determine if the particular circumstances of the case *sub judice* are such that the defendant's right to due process was violated by the State's refusal to reveal the informer's identity. The indictment disclosed the name of S.B.I. Agent Bowden as the person to whom the marijuana was allegedly sold. It does not appear that defendant had any knowledge of any other person being present and participating, and that he sought to obtain this information in advance of trial through discovery as provided by G.S. 15A-902. The District Attorney failed to disclose the name of the participating informant, who according to the testimony of Agent Bowden introduced him to the defendant and was present when defendant sold the marijuana.

It further appears from the record that defendant's counsel learned the name of the informant at 2:30 p.m. the day before the case was called for trial. (Defense counsel in his brief stated that he learned the name of the informant when he overheard an argument between Agent Bowden and an unknown person as to whether the two of them had been together in defendant's home.) Defense counsel immediately filed a motion to suppress the testimony of Agent Bowden on the grounds that the District Attorney had failed to disclose the name of the participating informant as requested. Though the motion to suppress may not have been appropriate, defendant moved for a continuance on the following day when the case was called for trial. The motion was denied, but the court issued an order of arrest for informant Gorham.

The name of the participating informant should have been disclosed to the defendant in advance of trial and in time for him to interview the informant and determine whether his testimony would have been beneficial to defendant. This was a matter for the accused rather than the State to decide.

We conclude that, in light of the refusal of the State to disclose the name of the informant prior to trial and other circumstances, the denial of the defendant's motion to continue violated his right to due process and was error entitling defendant to a new trial.

The judgment is reversed and we order a

New Trial.

Judges HEDRICK and MARTIN (Robert M.) concur.