STATE OF NORTH CAROLINA v. BEVERLY ELAINE TATE

STATE OF NORTH CAROLINA v. RALPH EDWIN TATE, JR.

No. 8121SC1199

(Filed 3 August 1982)

1. Constitutional Law § 67; Criminal Law § 91.6— confidential informant—disclosure of identity immediately before trial—denial of continuance

    In a prosecution for possessing and manufacturing cocaine, defendants' due process rights were not violated by the trial court's denial of their request for a recess or a continuance for the purpose of interviewing a confidential informant whose name had been furnished to them immediately prior to trial pursuant to a motion filed months before trial where one defendant's affidavit indicated that she knew of the informant's involvement in the crimes from the date of their occurrence; both defendants subpoenaed the informant a month before trial; defendants asked the informant's attorney for an interview with the informant and their request was denied; and the informant was present at the trial and was cross-examined by the defendants.

2. Searches and Seizures § 44— motion to suppress evidence—failure to make findings of fact

    The trial court did not err in failing to make findings of fact in denying a motion to suppress seized evidence where there was no conflict in the evidence on voir dire. G.S. 15A-977(d) and (f).

3. Searches and Seizures § 40— search under warrant—items properly seized

    Although cocaine was the only item designated in a search warrant, apparatus commonly used in manufacturing cocaine, large sums of cash, mail belonging to the defendants and photographs of defendants were properly seized as evidence of an offense or the identity of a person participating in an offense. G.S. 15A-242(4).

State v. Tate and State v. Tate

4. **Searches and Seizures § 41— execution of search warrant—notice by officers**

Officers executing a search warrant sufficiently complied with the notice requirement of G.S. 15A-249 where they asked defendant when she came to the door if she knew who owned the car parked outside and defendant was advised that the men were police officers and had a search warrant.

5. **Constitutional Law § 71; Criminal Law § 80.2— inspection of police reports**

Defendants had no right to inspect a police officer's preliminary report since it was the work product of the police and was not used by the officer to refresh his recollection at trial. However, the trial court should have allowed defense counsel to examine pages of a supplemental report used by the officer to refresh his recollection, but defendant was not prejudiced by the court's failure to permit such examination.

6. **Narcotics § 4.3— constructive possession of cocaine—sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction for felonious possession of cocaine where it tended to show that an informant purchased and used cocaine in an apartment; defendant was present when the informant was using the cocaine; the informant returned to the apartment the following day and purchased more cocaine from defendant's sister; officers searched the apartment later that day and found bags of cocaine on a table in the living room; defendant entered the apartment some thirty to forty-five minutes later; defendant was already living in the apartment when his sister moved there; defendant received his mail at the apartment and kept some of his clothes there; and the lease for the apartment was in defendant's name alone.

7. **Criminal Law § 118— failure to state defendant's contentions**

The trial court erred in failing to state defendant's contentions after stating the contentions of the State and a co-defendant. G.S. 15A-1232.

8. **Criminal Law § 121— entrapment—instruction in final mandate not necessary**

The trial court was not required to instruct on the defense of entrapment in the final mandate to the jury where the court sufficiently instructed on entrapment in other portions of the charge.

Judge VAUGHN concurring in part and dissenting in part.

APPEAL by defendants from *Seay, Judge.* Judgments entered 18 May 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 27 April 1982.

In separate bills of indictment defendant Beverly Elaine Tate and her brother Ralph Edwin Tate, Jr., were charged with felonious possession of cocaine. Beverly was also charged with manufacturing cocaine. Both defendants were found guilty as charged. Ralph received a suspended sentence, was placed on five years probation and was ordered to pay a $1,000 fine. For the posses-

sion conviction, Beverly received a term of twelve months. Her sentence for manufacturing cocaine was suspended.

*Attorney General Edmisten, by Special Deputy Attorney General Edwin M. Speas, Jr., and Assistant Attorney General Lisa Shepherd, for the State.*

*Morrow and Reavis, by John F. Morrow, for defendant appellants.*

MARTIN (Robert M.), Judge.

### PRE-TRIAL MOTIONS

Prior to trial both defendants filed motions to suppress evidence seized pursuant to a search warrant or, in the alternative, to identify the alleged confidential informant referred to in the application for the search warrant. In support of her 12 February 1981 "MOTION TO SUPPRESS AND/OR TO IDENTIFY INFORMANT," the defendant Beverly Tate filed an affidavit. This affidavit was incorporated for support by both defendants in their motions. Beverly swore that on the morning of 5 November 1980 Barry Wayne Morgan called and indicated he would like to talk with her at her apartment. Beverly later met Morgan at 12:15 p.m. He told her that someone was threatening him because of money owed. He asked Beverly if he could leave some cocaine at her apartment and she consented. Beverly made the additional averments in her affidavit:

> I came home from work at about 5:00 p.m. to 5:15 p.m. The said Barry Wayne Morgan called shortly thereafter and said he would be by the house in a little while. He arrived·at about 6:45 p.m. to 7:00 p.m. and told me that he wanted to get some of the cocaine that he left there to show someone who wanted to purchase a large amount of cocaine from him. He told me that he wanted to weight (sic) out some, and I told him that I did not have anything to weigh the cocaine with. We called a person named Steve who came by later with a set of scales that were normally used to weigh gunpowder. He set the scales up on my coffee table and showed Barry Wayne Morgan how to use them. We then helped Barry Wayne Morgan weigh the cocaine and bag it up. All of this was done at the said Barry Wayne Morgan's request. Barry Wayne Morgan then used some cocaine.

Barry Wayne Morgan then asked me if I knew anybody who might want to buy some cocaine. I told him that I would call a friend, and I did call the friend at his request. I thereafter told him that the friend would probably be at the house between 7:30 p.m. and 8:00 p.m. Barry Wayne Morgan then told me that he was behind schedule and needed to leave and asked me if I would try to sell some of his cocaine to my friend. Barry Wayne Morgan then told me that he would hurry back as soon as possible to pick up the cocaine.

I have received three telephone calls from persons who would not identify themselves who have told me that Barry Wayne Morgan was working with the Police Department and that he had set me up. I have been further informed and so allege that charges against the said Barry Wayne Morgan have either been dropped or plea-bargained favorably to Barry Wayne Morgan.

A hearing was held on defendants' motions immediately prior to trial. The District Attorney complied with these motions by informing both defendants that the name of the informant was Barry Morgan. Beverly's attorney then moved for permission to talk with Morgan. Ralph's attorney made a request for a recess or continuance in order to prepare for trial. Both requests were denied.

[1] Defendants now assign error to the denial of this request for a recess or continuance for the purpose of interviewing Morgan. They argue that they were denied due process of law since they filed motions requesting the identification of the informant months prior to trial and were given this information only minutes before trial. In support of their argument defendants rely upon the recent decision in *State v. Hodges*, 51 N.C. App. 229, 275 S.E. 2d 533 (1981). In *Hodges* we held that the defendant's right to due process was violated when the State refused to reveal the identity of an informant who was present and participated in the alleged sale of marijuana. The indictment disclosed that defendant had allegedly sold marijuana to S.B.I. Agent Bowden. Defendant was not aware of any other person being present and participating in the offense until he overheard the name of the informant the day before trial. He immediately moved for a continuance, but his motion was denied. The trial court did, however, order the ar-

rest of the informant. The informant had not been found at the time of trial. We concluded that "[t]he name of the participating informant should have been disclosed to the defendant in advance of trial and in time for him to interview the informant and determine whether his testimony would have been beneficial to defendant." *Id.* at 232, 275 S.E. 2d at 535.

The facts in the case *sub judice* do not compel the same conclusion. The defendant Beverly Tate's affidavit clearly indicates that she knew of Morgan's involvement in the crimes from the date of their occurrence. The record on appeal reveals that both defendants subpoenaed Morgan a month before trial; that they asked Morgan's attorney for an interview with his client and that their request was denied. Unlike the informant in *Hodges*, Morgan was present at the trial and was cross-examined by the defendants. We fail to see how any of defendants' due process rights were violated. Defendant Ralph Tate's Assignment of Error No. 1 and defendant Beverly Tate's Assignment of Error No. 2 are overruled.

After the trial court denied either a recess or continuance, the court considered defendant Beverly Tate's written motion to suppress all evidence obtained as a result of the search warrant. She alleged in her motion and supporting affidavit that the warrant failed to designate the items to be seized; that items not designated in the warrant were seized improperly; that the officers failed to give appropriate notice before entering the apartment; that the officers failed to read the warrant to her before searching the apartment and that the officers improperly detained or searched persons in her apartment. At the *voir dire* hearing on this motion, Detective Spillman of the Winston-Salem Police Department testified for the State. The defense presented no witnesses. At the conclusion of Detective Spillman's *voir dire* testimony, the court entered the following order:

> From the evidence offered, the Court finds that a search warrant was issued by Deputy Clerk of the Superior Court R. R. Vannoy pursuant to the application of Police Officer R. A. Spillman; that the return of said warrant was made on November 5, 1980, by Officer R. A. Spillman of the Winston-Salem Police Department; and the Court finds, determines, and concludes from the evidence offered that the search war-

rant is a valid search warrant, amply supported by the application, and that the search warrant, together with attachment No. 1 (containing a physical description of both the apartment and the defendants) and the inventories of the property seized, are valid and not in violation of any of the constitutional rights of Beverly or Ralph Tate.

The objections of the defendants, Beverly and Ralph Tate, to the search warrant and their Motions To Suppress the same are denied and dismissed.

[2] Assignments of Error Nos. 5, 6 and 9 involve the trial court's order denying the motion to suppress. Defendants argue in Assignment of Error No. 5 that the trial court did not make sufficient findings of fact to support the conclusions of law in this order. They emphasize that this was a violation of G.S. 15A-977. We recognize that both G.S. 15A-977(d) and (f) require the trial judge to make findings of fact after conducting a hearing on a motion to suppress evidence. Case law subsequent to this statute has recognized an exception to the general rule.

If there is no material conflict in the evidence on voir dire, it is not error to admit the challenged evidence without making specific findings of fact, although it is always the better practice to find all facts upon which the admissibility of the evidence depends. (Citations omitted.) In that event, the necessary findings are implied from the admission of the challenged evidence. (Citation omitted.)

*State v. Phillips*, 300 N.C. 678, 685, 268 S.E. 2d 452, 457 (1980). Both defendants failed to present any testimony to refute Detective Spillman. Since Spillman's testimony supported the trial court's conclusion of law that the search warrant was valid, no error was committed.

[3] We do note that Detective Spillman admitted seizing items in the apartment other than the bags containing cocaine. Cocaine was the only item designated in the search warrant. Defendants, however, are wrong in their belief that the seizure of other items constituted a violation of G.S. 15A-242. These other items consisted of large sums of cash, apparatus commonly used in manufacturing cocaine, mail belonging to the defendants and the defendants' photographs. G.S. 15A-242(4) allows the seizure of

items pursuant to a search warrant when there is probable cause to believe that the items constitute "evidence of an offense or the identity of a person participating in an offense." The items seized clearly fall into this category. *See State v. Williams*, 299 N.C. 529, 263 S.E. 2d 571 (1980).

By Assignment of Error No. 6 defendants contend that the trial court's conclusions of law were insufficient to support the order denying the motion to suppress evidence. They specifically argue that the court concluded only that there was no constitutional violation and failed to determine whether defendants' rights under Chapter 15A of the North Carolina General Statutes were violated. We find no merit to this argument, since no evidence of a substantial violation of Chapter 15A was presented at the *voir dire* hearing.

[4] We further find no merit to defendants' argument in Assignment of Error No. 9. Here defendants assert that the officer executing the search warrant did not comply with the notice requirement in G.S. 15A-249; and that the evidence seized must therefore be excluded. This statute provides that the officer "must, before entering the premises, give appropriate notice of his identity and purpose to the person to be searched, or the person in apparent control of the premises to be searched." Detective Spillman's *voir dire* testimony reveals that he and several other detectives went to the apartment. When Beverly came to the door, they asked her if she knew who owned the car parked outside. She was advised that the men were police officers and had a search warrant. The evidence does not indicate a violation of G.S. 15A-249.

Assignments of Error Nos. 3 and 4 refer solely to pretrial errors assigned by defendant Beverly Tate. Her third assignment of error reads as follows:

> The trial court committed prejudicial error, per se, when it refused to conduct an evidentiary hearing on the defendant, Beverly Tate's, motion to suppress evidence obtained under a search warrant as said motion to suppress contested the truthfulness of the affidavits allegedly showing probable cause for the issuance of the search warrant.

As previously noted Beverly filed two pre-trial motions: "MOTION TO SUPPRESS AND/OR TO IDENTIFY INFORMANT" and "MOTION TO

SUPPRESS." Also, as noted, hearings were held on both of these motions. Since the latter motion did not raise the issue of the truthfulness of the affidavits allegedly showing probable cause, the court was not required to hear evidence on this issue. The issue of the truthfulness of the affidavit was raised only in the "MOTION TO SUPPRESS AND/OR TO IDENTIFY INFORMANT." Therein defendant prayed "that an order issue directing the State of North Carolina to furnish to the defendant the name, address and other information known to the State concerning the identity of the confidential informant *or, in the alternative*, to suppress all evidence obtained under the search warrant in the instant case." (Emphasis supplied.) Since defendant was given the name of the informant before trial, the court properly refused to consider her alternative motion to suppress evidence. Defendant requested relief in the alternative and received it. She should not be allowed to complain that she failed to receive more than she requested.

[5] During the *voir dire* hearing on the *femme* defendant's motion to suppress evidence seized under the search warrant, Detective Spillman was questioned concerning his application for the warrant and the subsequent search. On cross-examination he admitted that he had earlier read the pages of his preliminary report but that he was not using these notes to refresh his recollection. Beverly's counsel moved that Spillman's notes be marked as an exhibit and that he be allowed to examine them. The trial court denied this request. Later during the *voir dire* examination, Detective Spillman related the statements Beverly made to him during the search of the apartment. He admitted that he was using notes in his supplemental report to refresh his recollection. The court allowed defense counsel to examine three pages of this report. The court refused to allow defense counsel to examine the remaining two pages of the report, although Spillman admitted that he had also used these pages to refresh his recollection during his testimony.

The *femme* defendant has alleged error in Assignment of Error No. 4 to the court's refusal to allow her counsel to inspect the pages of Spillman's preliminary report as well as two of the pages from his supplemental report. The court properly denied defense counsel's request to inspect the notes compiling Spillman's preliminary report. Since these notes were the work product of the Winston-Salem Police Department and were not

used by Spillman to refresh his recollection at trial, the defense had no right to examine them. *State v. Blue*, 20 N.C. App. 386, 201 S.E. 2d 548 (1974). It does appear from the record that the court should have allowed defense counsel to examine the two remaining pages of Spillman's supplemental report. Defendant, however, has failed to show how she was prejudiced by this denial. In passing, we note that counsel never indicated to the court his reasons for examining any of Spillman's notes.

## MOTIONS TO DISMISS

**[6]**  At the conclusion of the State's evidence and again at the end of all the evidence, defendant Ralph Tate moved for dismissal on the ground that the evidence was insufficient to prove the possession charge. The court denied both motions, and defendant has assigned error.

> In ruling upon the defendant's motion to dismiss . . ., the trial court is limited *solely* to the function of determining whether a reasonable inference of the defendant's guilt of the crime charged *may* be drawn from the evidence. *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978). If the trial court determines that a *reasonable* inference of the defendant's guilt *may* be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence.

*State v. Smith*, 40 N.C. App. 72, 78-79, 252 S.E. 2d 535, 539-40 (1979). With this function in mind, we shall consider defendant Ralph Tate's allegation of failure by the State to show sufficient evidence.

The State's evidence tends to show that on 5 November 1980 Detective Spillman obtained a search warrant to search the persons of both defendants and Apartment 4850-H located at Thales Road in Winston-Salem. The warrant was supported by affidavit. Therein Spillman swore that a reliable informant had told him that there was cocaine in the apartment. Barry Morgan testified at trial that he visited the apartment on 4 November 1980. While in the apartment he both used and purchased cocaine. Ralph Tate was present when Morgan was using cocaine. After Morgan left the apartment, he informed Detective Spillman of his purchase.

At Spillman's request, Morgan returned to the apartment the following day and purchased more cocaine. Immediately thereafter he informed Spillman that he had purchased the cocaine from Beverly Tate. Spillman obtained a search warrant and went to the apartment. Bags of cocaine were found on a table in the living room and Beverly was arrested. Approximately thirty to forty-five minutes after the detectives entered the apartment, defendant Ralph Tate opened the door and walked in. Spillman testified that he arrested Ralph because he had information that this defendant also lived in the apartment. No controlled substances were found on his person. Beverly testified that when she moved into the apartment in September or October 1980, her brother Ralph was living there. She further testified that Ralph received his mail at the apartment; that he kept some of his clothes there and that the lease was in his name alone.

The evidence was sufficient for the jury to find Ralph guilty of possession of cocaine. In an analogous situation, we upheld the defendant's conviction for possession of a controlled substance. *State v. Wells*, 27 N.C. App. 144, 218 S.E. 2d 225 (1975). There the State's evidence tended to show that the controlled substance was found in an apartment rented to defendant; that the apartment was vacant at the time of the search; that defendant had been seen in the apartment more than three days prior to the search and that mail addressed to him and his clothing were found therein. In upholding the conviction we quoted the following language from *People v. Galloway*, 28 Ill. 2d 355, 192 N.E. 2d 370:

> "Where narcotics are found on premises under the control of the defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts which might leave in the minds of the jury a reasonable doubt as to his guilt."

*Id.* at 145, 218 S.E. 2d at 226. In light of this Court's decision in *Wells*, the trial court correctly determined that a reasonable inference of defendant Ralph Tate's guilt could be drawn from the evidence.

### JURY ARGUMENT

In Assignment of Error No. 13 the defendants allege error in a portion of the District Attorney's argument to the jury. We

have carefully examined the argument and find no prejudicial error.

> [A]rguments of counsel are largely in the control and discretion of the trial judge who must allow wide latitude in the argument of the law, the facts of the case, as well as to all reasonable inferences to be drawn from the facts. (Citations omitted.) Ordinarily we do not review the exercise of the trial judge's discretion in controlling jury arguments unless the impropriety of counsel's remarks is extreme and is clearly calculated to prejudice the jury in its deliberations. (Citations omitted.)

*State v. Taylor*, 289 N.C. 223, 226-27, 221 S.E. 2d 359, 362 (1975). No such impropriety has been shown here.

### CHARGE TO THE JURY

Both defendants have alleged prejudicial error in the jury charge. Our examination of the charge confirms defendant Ralph Tate's allegations.

**[7]** Defendant Ralph Tate has assigned error to the trial judge's failure to state his contentions to the jury, and the State has conceded error in its brief. The record shows that the judge stated the contentions of the State and Beverly Tate. The prevailing law does not require the trial judge to state the contentions of the parties. However, when he chooses to do so, he is then required to give equal stress to the contentions of all parties. This requirement applies even when defendant does not testify, since testimony favorable to the defense often will be elicited from the State's witnesses. *State v. Spicer*, 299 N.C. 309, 261 S.E. 2d 893 (1980). In the case before us, testimony favorable to defendant Ralph Tate was given by his sister, the co-defendant. This failure by the trial judge to give equal stress to opposing parties is a violation of G.S. 15A-1232. As mandated by *State v. Hewett*, 295 N.C. 640, 247 S.E. 2d 886 (1978), such a violation is prejudicial error necessitating a new trial.

**[8]** The *femme* defendant argues that the trial judge committed prejudicial error when he failed to mention the defense of entrapment in his final mandate to the jury. Evidence of this defense was presented in Beverly Tate's testimony. The record shows that immediately prior to the final mandate, the judge explained

the defense of entrapment as well as the elements which the defendant must prove before a jury could find her not guilty because of entrapment. She contends that this explanation did not cure the defective mandate. Her argument is based upon our Supreme Court's decision in *State v. Dooley*, 285 N.C. 158, 203 S.E. 2d 815 (1974). *Dooley* held that the failure of the trial court to include an instruction on self-defense in the mandate was prejudicial error notwithstanding the court's discussion of the law on self-defense in the body of the charge.

We do not interpret the holding in *Dooley* as extending to other defenses such as entrapment. Our recent decision in *State v. Patterson*, 50 N.C. App. 280, 272 S.E. 2d 924 (1981), is in harmony with this conclusion. The defendant in *Patterson* had relied upon the defense of others at trial. The trial judge failed to instruct the jury on this defense in its final mandate. We ordered a new trial and gave the following rationale:

> The symmetry of our law would be skewed severely, and logic would be defied, were instructions to be required in the final mandate to the jury as to the mitigating circumstance of self-defense but not as to the mitigating circumstance of defense of others. These defenses are clearly the same in nature, and the rationale for requiring instructions in the final mandate as to one applies with equal force as to the other.

*Id.* at 285, 272 S.E. 2d at 927. We find that the defense of entrapment is not the same in nature to the defenses of self-defense or defense of others. The trial judge therefore was not required to charge in his final mandate on the defense of entrapment.

For error noted in the charge, defendant Ralph Edwin Tate, Jr., is entitled to a new trial. The defendant Beverly Elaine Tate received a fair trial free of prejudicial error.

As to defendant Ralph Edwin Tate, Jr.,

New trial.

As to defendant Beverly Elaine Tate

No error.

Judge ARNOLD concurs.

Judge VAUGHN concurs in the case of Beverly Elaine Tate but dissents in the case of Ralph Edwin Tate, Jr.

Judge VAUGHN dissenting.

I find no error in the charge of the court in the case of Ralph Edwin Tate so prejudicial as to require a new trial. The judge merely recapitulated the evidence of the State and Beverly Tate. Ralph Edwin Tate offered no evidence. The only reference to the "contentions" of the State is found in the following sentence immediately preceding the recapitulation of the State's evidence.

"Now in this case the State of North Carolina has offered evidence which in substance tends to show, and the State of North Carolina argues and contends it tends to show, that. . . ."

In my opinion, the judge fully and correctly instructed the jury on the essential features of the case. If there was some part of the State's evidence defendant considered so favorable to him that he desired further elaboration, it was his duty to call that to the attention of the trial judge.