STATE OF NORTH CAROLINA v. MICKEY VONRICE ROLLINS

No. COA07-380-2

(Filed 15 September 2009)

**1. Appeal and Error— motion to suppress improperly denied—plea agreement admitting guilt—per se prejudice**

When a defendant has properly preserved the right to appeal the denial of a motion to suppress evidence at trial, then accepts a plea agreement and admits guilt, and an appellate court of this State subsequently determines that defendant's motion to suppress was improperly denied, defendant is *per se* prejudiced.

**2. Confessions and Incriminating Statements— motion to suppress—voluntariness—new hearing granted**

The trial court erred in a first-degree murder case by denying defendant's motion to suppress statements he made to his wife while he was incarcerated, which he contends were not voluntary. The trial court did not provide a rationale for its ruling at the suppression hearing and, did not make written conclusions and the case is remanded to the trial court for a new suppression hearing.

**3. Appeal and Error— preservation of issues—new hearing already granted**

Although defendant in a first-degree murder case contends that the trial court erred by denying his motion to suppress

because statements he made to his wife while he was incarcerated were involuntary, this issue does not need to be addressed because defendant was granted a new suppression hearing on the issue.

Appeal by Defendant from order on Defendant's motions to suppress entered 19 August 2005 by Judge William C. Griffin, Jr. and from judgment dated 6 October 2006 by Judge Jack W. Jenkins in Superior Court, Martin County. Heard in the Court of Appeals originally on 14 November 2007, and opinion filed 18 March 2008. Opinion reversed and case remanded to the Court of Appeals for further consideration by order of the North Carolina Supreme Court on 1 May 2009.

*Attorney General Roy Cooper, by Special Attorney General Robert C. Montgomery, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for Defendant-Appellant.*

McGEE, Judge.

Defendant was indicted on charges of first-degree murder, first-degree kidnapping, robbery with a dangerous weapon, and breaking or entering on 2 February 2004. Defendant filed a motion to suppress on 13 September 2004 and an affidavit in support of that motion on 15 September 2004. Defendant sought to suppress all statements he had made to his wife, Tolvi Rollins, on several grounds, including (a) "the statements . . . constitute confidential marital communications under N.C. Gen. Stat. § 8-57(c)" and (b) the statements were involuntary pursuant to the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the North Carolina Constitution. Defendant filed a separate additional motion to suppress, along with an affidavit in support thereof, on 20 June 2005. In the latter motion, Defendant sought to suppress any statements he had made to Officer Timothy Troball (Officer Troball) while Defendant was in custody. The trial court entered an order denying both of Defendant's motions to suppress on 19 August 2005.

Defendant subsequently entered an *Alford* plea to the charge of first-degree murder, reserving his right to appeal the denial of his motions to suppress under N.C. Gen. Stat. § 15A-979(b) (2007) which states: "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." Pursuant to the plea

agreement, the State dismissed the charges of first-degree kidnapping, robbery with a dangerous weapon, and breaking or entering. The trial court sentenced Defendant to a term of life in prison without the possibility of parole. Defendant appealed.

In *State v. Rollins*, 189 N.C. App. 248, 658 S.E.2d 43 (2008) (*Rollins I*), Defendant raised four issues on appeal, arguing: (1) the trial court erred in failing to suppress Defendant's statements obtained by Defendant's wife because they were protected by marital privilege; (2) the trial court erred in failing to suppress Defendant's statements obtained by his wife because they were not legally voluntary; (3) the trial court erred in denying Defendant's voluntariness claim because the trial court failed to make appropriate findings of fact and conclusions of law; and (4) the trial court erred in failing to suppress a statement Defendant made to a correctional officer because Defendant was in custody, and the officer's questions amounted to an interrogation without proper *Miranda* warnings.

In *Rollins I*, our Court held that Defendant's first and fourth arguments had merit, and ordered a new trial for Defendant. Our Court made no holdings on Defendant's second and third arguments, as our holding on Defendant's first argument rendered those arguments moot. The State petitioned our Supreme Court for discretionary review of this Court's decision as to Defendant's first argument only, and the Supreme Court granted discretionary review only as to that issue.

The Supreme Court of North Carolina filed an opinion on 1 May 2009 in *State v. Rollins*, 363 N.C. 232, 675 S.E.2d 334 (2009) (*Rollins II*), reversing our holding in *Rollins I* on Defendant's first issue, and remanding the case to the Court of Appeals "for consideration of defendant's assignments of error not previously addressed by that court." The Supreme Court limited its 1 May 2009 opinion to Defendant's first issue only; our Court's holding granting Defendant a new trial on the fourth issue addressed in *Rollins I* stands. Additional facts may be found in *Rollins I* and *Rollins II*.

I.

In *Rollins I*, Defendant argued the trial court erred by denying his motion to suppress statements he made to his wife while incarcerated. Specifically, Defendant argued the trial court erred by concluding that Defendant's statements to his wife, made while Defendant was incarcerated, lacked the requisite expectation of privacy and

were not confidential marital communications. Defendant argued that the challenged statements should have been excluded under N.C. Gen. Stat. § 8-57(c), which provides: "No husband or wife shall be compellable in any event to disclose any confidential communication made by one to the other during their marriage." N.C. Gen. Stat. § 8-57(c) (2007). In *Rollins I*, our Court agreed with Defendant on this issue. As stated above, our Supreme Court reversed the holding of our Court, and held that "defendant had no reasonable expectation of privacy in the conversations between his wife and him in the public visiting areas of the [Department of Correction] facilities, the conversations were not confidential communications under subsection 8-57(c) and therefore, are not protected." *Rollins II*, 363 N.C. at 241, 675 S.E.2d at 340.

## II.'

In *Rollins I*, our Court further held that Defendant was entitled to a new trial on Defendant's fourth argument because the trial court erred in denying Defendant's motion to suppress Defendant's statement to Officer Troball. *Rollins I*, 189 N.C. App. at 262-63, 658 S.E.2d at 52. Our Supreme Court was not requested to review, and did not review, this determination of our Court. Thus, our Supreme Court's opinion in *Rollins II* did not overturn this holding. Therefore, our remand for a new trial based on Defendant's fourth argument stands.

[1] North Carolina's appellate courts have not addressed the effect a reversal of a trial court's decision not to suppress evidence has on a guilty plea on facts similar to those in the case before us. However, the "Official Commentary" to N.C. Gen. Stat. § 15A-979 (2007) states:

> subsection (b) . . . permits a defendant whose motion to suppress was denied to plead guilty and then appeal the ruling of the judge on the motion. If the appellate court sustains the ruling on the motion, the conviction stands; if the ruling on the motion is overturned, then the defendant is entitled to a new trial at which the evidence would be suppressed. This provision is intended to prevent a defendant whose only real defense is the motion to suppress from going through a trial simply to preserve his right of appeal.

Though not specifically on point, cases from our Supreme Court provide support for the proposition that Defendant should be given the benefit of the bargain he made with the State for his guilty plea;

he agreed to plead guilty only after his motions to suppress were denied and upon the condition that he could appeal the denial of those motions.

"When viewed in light of the analogous law of contracts, it is clear that plea agreements normally arise in the form of unilateral contracts. The consideration given for the prosecutor's promise is not defendant's corresponding promise to plead guilty, but rather is defendant's actual performance by so pleading." In the instant case, defendant's plea of guilty was consideration given for the prosecutor's promise. He was entitled to receive the benefit of his bargain. However, defendant is not entitled to specific performance in this case because such action would violate the laws of this state. Nevertheless, defendant may avail himself of other remedies. He may withdraw his guilty plea and proceed to trial on the criminal charges. He may also withdraw his plea and attempt to negotiate another plea agreement that does not violate N.C.G.S. § 14-52.

*State v. Wall*, 348 N.C. 671, 676, 502 S.E.2d 585, 588 (1998) (quoting *State v. Collins*, 300 N.C. 142, 149, 265 S.E.2d 172, 176 (1980)) (our Supreme Court voided a plea agreement because it violated the laws of this State); *see also State v. Ellis*, 361 N.C. 200, 206-07, 639 S.E.2d 425, 429 (2007).

We find the reasoning in the "Official Commentary" to N.C. Gen. Stat. § 15A-979 sound, and agree that Defendant should receive the benefit of the bargain made prior to his acceptance of the plea agreement. We hold that when a defendant has properly preserved the right to appeal the denial of a motion to suppress evidence at trial, then accepts a plea agreement and admits guilt, and subsequently an appellate court of this State determines that the defendant's motion to suppress was improperly denied, the defendant is *per se* prejudiced by the improper denial of that motion to suppress. We reach this determination in the present case because, absent the improper denial of Defendant's motion to suppress, Defendant may have decided not to enter a guilty plea, or may have been able to negotiate more favorable terms with the State for his plea agreement, had he decided to take that route.

### III.

[2] In Defendant's third argument, he contends that the trial court erred in denying his motion to suppress statements he made to his

wife while he was incarcerated, which he contends were not voluntary, because the trial court failed to make the appropriate findings of fact or conclusions of law. We agree.

"G.S. 15A-977(d) provides that if the motion to suppress is not determined summarily, the judge must make the determination after a hearing and findings of fact. Subparagraph (f) provides that 'the judge must set forth in the record his findings of fact and conclusions of law.' " *State v. Phillips*, 300 N.C. 678, 685, 268 S.E.2d 452, 457 (1980).

> When the competency of evidence is challenged and the trial judge conducts a voir dire to determine admissibility, the general rule is that he should make findings of fact to show the bases of his ruling. If there is a material conflict in the evidence on voir dire, he *must* do so in order to resolve the conflict. If there is no material conflict in the evidence on voir dire, it is not error to admit the challenged evidence without making specific findings of fact, although it is always the better practice to find all facts upon which the admissibility of the evidence depends. In that event, the necessary findings are implied from the admission of the challenged evidence.

> Here, although further findings were inadvertently omitted by the trial judge, he did specifically conclude that the officer had probable cause to effect the arrest—a conclusion based upon the State's undisputed evidence. There was no evidence to the contrary. Under the circumstances of this case, we hold that denial of the motion to suppress without further specific findings of fact does not constitute prejudicial error.

*Id.* at 685-86, 268 S.E.2d at 457 (internal citations omitted) (emphasis in original). "It is not error per se for the trial court to omit findings of fact [in support of its ruling on a motion to suppress]." *State v. McQueen*, 324 N.C. 118, 128, 377 S.E.2d 38, 44 (1989). In *Phillips*, our Supreme Court found no prejudicial error, even though the trial court failed to make any written findings, because the trial court had made the following statement following the presentation of the evidence and arguments at the suppression hearing:

> " 'The Court finds that under the undisputed evidence offered in this case, on this point, the officer had probable cause to effect the arrest and that the subsequent search was not outside of the scope of the permitted authority of the arresting officer.

Therefore, I would deny the motion to suppress. Further findings will be made in due course when the Court has had time to prepare those in the absence of the jury.' "

*Phillips*, 300 N.C. at 685, 268 S.E.2d at 457 (citations omitted). Our Supreme Court's opinions concerning this issue have been limited to instances where the trial court made specific conclusions of law concerning its denial of a defendant's motion to suppress, but failed to make findings of fact to support those conclusions. Our Supreme Court has reasoned that the appropriate findings could be inferred by the trial court's conclusions and ultimate denial of the motion to suppress. So long as there is no material conflict in the evidence before the trial court, the absence of specific findings do not amount to prejudicial error *per se. Id.* at 685-86, 268 S.E.2d at 457.

Our Court has also addressed this issue, holding no prejudicial error in instances where the trial court made no written findings or conclusions supporting its denial of a defendant's motion to suppress. *See State v. Thompson*, 187 N.C. App. 341, 350, 654 S.E.2d 486, 492 (2007) ("[T]he trial court's findings, as announced in court and implied from its admission of [a witness'] identification of [the defendant], were supported by [the witness'] testimony. 'Therefore, the scope of our inquiry is limited to the superior court's conclusions of law, which "are fully reviewable on appeal." ' ") (citations omitted); *State v. Shelly*, 181 N.C. App. 196, 204, 638 S.E.2d 516, 523 (2007) ("[T]he trial court did not err when it failed to enter written findings because 'the trial court did provide its rationale from the bench.' ") (citations omitted); *State v. Jacobs*, 174 N.C. App. 1, 8, 620 S.E.2d 204, 209 (2005), *vacated in part, reversed in part, and remanded on other grounds*, 361 N.C. 565, 648 S.E.2d 841 (2007) ("In the instant case, the record indicates that although the trial court failed to make any written findings and conclusions to support its denial of [the defendant's] motion to suppress, the trial court did provide rationale from the bench."); *see also State v. Tate*, 58 N.C. App. 494, 499, 294 S.E.2d 16, 19 (1982).

In the case before us, the trial court's sole statement at the suppression hearing concerning Defendant's motions to suppress his wife's testimony was: "As to the statements made in the prison, I'm going to deny the motion to suppress[.]" The trial court did subsequently enter written findings and conclusions. The findings concerning conversations between Defendant and his wife while Defendant was incarcerated are general in nature, and do not address

the ultimate issues presented by Defendant's motions to suppress. The trial court's sole conclusion of law concerning Defendant's statements to his wife while he was in prison was: "[D]efendant's statements to his wife . . . while . . . [D]efendant was incarcerated . . . lack the requisite expectation of confidentiality, and therefore are not considered confidential marital communications under N.C.G.S. 8-57."

The trial court made no written conclusion of law concerning Defendant's motion to suppress based upon Defendant's argument that his statements were not "voluntary." The trial court provided no rationale at the suppression hearing for its denial of Defendant's motions to suppress his wife's statements under either of Defendant's theories: marital communications privilege or voluntariness. The fact that the trial court made written findings and made a written conclusion of law with respect to Defendant's argument that his statements to his wife constituted confidential marital communications, raises doubt as to whether the trial court considered Defendant's voluntariness argument. Because the trial court failed to provide any basis or rationale for its denial of Defendant's motion to suppress Defendant's statements to his wife based on Defendant's argument that the statements were not legally "voluntary," we must direct the trial court on remand to conduct a new suppression hearing on this issue, and provide adequate rationale for its ruling. We again urge the trial courts of this State to remember "it is always the better practice to find all facts upon which the admissibility of the evidence depends." *Phillips*, 300 N.C. at 685, 268 S.E.2d at 457. We hold that Defendant is entitled to a new suppression hearing on the issue of the voluntariness of his statements to his wife.

[3] Because we have held that Defendant is entitled to a new suppression hearing on the issue of the voluntariness of the statements Defendant made to his wife while he was incarcerated, we do not address Defendant's second argument, in which Defendant contends the trial court erred by denying his motion to suppress on this issue.

New trial.

Judges BRYANT and GEER concur.