STATE OF NORTH CAROLINA v. SAMUEL OWEN BURCH

No. 839SC1266

(Filed 18 September 1984)

1. **Searches and Seizures § 3— marijuana growing within curtilage—warrantless seizure improper**

    In a prosecution of defendant for possession of marijuana with intent to sell and manufacture of marijuana, the trial court erred in denying defendant's motion to suppress the marijuana evidence made on the ground that it was obtained from within the defendant's curtilage without either a search warrant or circumstances justifying an exception to the warrant requirement, since the marijuana was growing near a garage and recreation building, but these were not open to the public; the marijuana was concealed by a brush pile; from defendant's dwelling to the brush pile, there was sown grass which defendant mowed with a regular yard mower; a privy located beyond the brush pile and a cider press beyond the privy were still in use; and the curtilage thus extended at least as far as the brush pile.

2. **Searches and Seizures § 5— warrantless seizure of marijuana plants—plain view rule inapplicable**

    The State could not argue that a warrantless seizure of marijuana plants was made pursuant to the "plain view" doctrine where officers went to defend-

ant's premises for the openly expressed purpose of searching for marijuana, and the State offered no evidence indicating any prior justification for the officers' presence on defendant's property other than their desire to find marijuana plants.

APPEAL by defendant from *Herring, Judge,* and *Friday, Judge.* Judgment entered 8 September 1983 in Superior Court, PERSON County. Heard in the Court of Appeals on 29 August 1984.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Ramsey, Hubbard, Galloway & Cates by Mark Galloway, for defendant appellant.*

BRASWELL, Judge.

The jury convicted the defendant of the possession of marijuana with intent to sell and the manufacture of marijuana. Prior to trial before Judge Herring, the defendant had made a motion before Judge Friday to suppress the marijuana evidence on the grounds that it was obtained from within the defendant's curtilage without either a search warrant or circumstances justifying an exception to the warrant requirement. This motion was denied. On appeal, the defendant assigns as error the denial of his motion to suppress as well as certain evidentiary rulings made by the trial court and a portion of the judge's charge to the jury. From our careful review of the record, we reverse the denial of the defendant's motion to suppress and remand for a new trial.

On 28 August 1982, at approximately 1:00 p.m., two S.B.I. agents and two officers from the Person County Sheriff's Department drove in two trucks out to the defendant's farm house. They parked in a tobacco road which lay perpendicular to the main highway and fifty feet from the left side of the defendant's farm house. This farm road was not a state road and served only the outbuildings, garage, and tobacco fields located behind the defendant's house. When the trucks arrived, the defendant's girl friend came out of the house to find out what the men wanted. The defendant was out of town on a construction job. She was told by S.B.I. Agent Boulus that they intended to search the property for

marijuana. Agent Boulus and two of the other men began to search the area even though they had not obtained a search warrant nor anyone's permission to do so. They walked down the road behind the defendant's house, into the woods, and to the tobacco fields, but found no marijuana. The fourth officer walked around the defendant's house, then proceeded back to the truck which contained marijuana which the officers had seized earlier that day. Agent Boulus received a communication from the officer at the truck that the defendant's girl friend, after having contacted a lawyer, stated that if they did not have a search warrant they must leave the premises. As the other officers were preparing to leave and Agent Boulus was walking back to the trucks, he looked over to his left and saw the tops of a number of marijuana plants growing within a brush pile behind the defendant's house. The brush pile surrounded the marijuana on three sides: the back side facing the crib, the front side facing the house, and the left side facing the farm road. The officers then went over to the marijuana, cut down forty-three plants, and carried it away.

The brush pile, concealing the marijuana plants, was located approximately eighty-four feet behind the defendant's house. A short distance behind the brush pile was a small crib, a privy, a cider press and cider barrels. Farther still from the house and 166 feet from the crib was a recreation building which contained a piano, pool table, refrigerator, and refreshments. A private garage with junked cars, parts, and tools scattered about was located 146 feet from the recreation building. There was sown and mown grass around the defendant's house, between the house and the marijuana patch, along the side of the crib, and between the farm road and recreation structure.

[1] The primary issue for our determination is whether the trial court erred by denying the defendant's motion to suppress the evidence seized during the warrantless search of his property. First of all, although the trial court failed to make the appropriate findings of fact and conclusions of law as required by G.S. 15A-977(f) (*see also State v. Ladd*, 308 N.C. 272, 278, 302 S.E. 2d 164, 168 (1983) ), it is apparent from the record of the judge's statements that he denied the defendant's motion on the basis that

the evidence conclusively establishes that he [defendant] was operating a recreational establishment down there, and he had a garage, and these, of course, are public places and indicate to the Court that anyone had a right to go in there.

However, the State in its brief concedes that "the evidence does not support Judge Friday's apparent finding of fact that the garage and recreation building were generally open to the public as public establishments." From our review of the evidence presented at the suppression hearing, the State has wisely conceded this point because we also can find no evidence presented by either side which tended to show that these outbuildings were open by the defendant to the public.

Nevertheless, the State argues that the search and seizure was lawful because it was conducted in an area it contends was an open field. The most recent word from the United States Supreme Court on the "open fields" doctrine can be found in *Oliver v. United States*, --- U.S. ---, 104 S.Ct. 1735, 80 L.Ed. 2d 214 (1984), also a case where the police made a warrantless search of marijuana fields. The *Oliver* court reiterated that the liberty interest protected by the Fourth Amendment is freedom from unreasonable searches and seizures in those places and things where the person has a " 'reasonable expectation of privacy.' " *Id.* at ---, 104 S.Ct. at 1740, 80 L.Ed. 2d at 223, *quoting Katz v. United States*, 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed. 2d 576, 587 (1967). Because at common law no expectation of privacy attached to an open field, the Court held that "an individual may not legitimately demand privacy for activities conducted out of doors in fields, *except in the area immediately surrounding the home.*" (Emphasis added.) *Id.* at ---, 104 S.Ct. at 1741, 80 L.Ed. 2d at 224. Thus, the crucial question in our case becomes whether or not the brush pile was a part of this protected area surrounding the home, known as the curtilage.

As observed in *Rosencranz v. United States*, 356 F. 2d 310, 313 (1st Cir. 1966), "[t]he reach of the curtilage depends on the facts of a case." *See also State v. Boone*, 293 N.C. 702, 709, 239 S.E. 2d 459, 463 (1977). A careful review of the evidence presented in this case indicates that the brush pile concealing the marijuana plants was in fact a part of the curtilage. The curtilage naturally began at the defendant's house. From his dwelling to

the brush pile, there was sown grass which the defendant mowed with a regular yard mower. Furthermore, according to the defendant's testimony, although a toilet facility had been installed inside the house approximately one year earlier, the privy located further from the house and between the brush pile and the cider press was still in use. Only a short distance behind the privy was a cider press which the defendant also currently used. Since there was no evidence that the recreation building and the garage were public establishments, it is arguable that the curtilage even continued down to these structures, being an area "to which the activity of the home life extend[ed]." *Oliver v. United States, supra,* at ---, 104 S.Ct. at 1743, fn. 12, 80 L.Ed. 2d at 226, fn. 12. However, for our purposes and on the facts of this case, we need only to recognize that the curtilage extended at least as far as the brush pile where the marijuana was located. Because the marijuana was within the curtilage, it was unlawful for the officers to search the area and seize the plants without a search warrant or other circumstances justifying an exception to the warrant requirement. We hold that since the evidence seized should have been suppressed at trial, the judge at the suppression hearing erred by denying the defendant's motion to suppress.

[2] Equally unavailable to the State on the facts of this case is the "plain view" doctrine. This doctrine requires that:

First, the officers must have prior justification for the intrusion onto the premises being searched (other than observing the object which is later contended to have been in plain view). Secondly, the incriminating evidence must be *inadvertently discovered* by the officers while on the premises.

*State v. Williams,* 299 N.C. 529, 532, 263 S.E. 2d 571, 573 (1980). The fact is uncontroverted that the officers in the case before us went to these premises for the openly, expressed purpose of searching the property for marijuana. In fact, Agent Boulus announced this intention to the defendant's girl friend when they arrived. The State offered no evidence indicating any prior justification for the officers' presence on the defendant's property other than their desire to find marijuana plants. Moreover, the State cannot now successfully argue that the officers inadvertently discovered in plain view the very evidence they had gone on the defendant's property without a search warrant to uncover.

Because the same errors are unlikely to occur on a retrial of this case, we refrain from discussing the defendant's remaining assignments of error. For the reasons herein set out, the judge's ruling denying the defendant's motion to suppress is reversed and this case is remanded for a new trial.

Reversed and remanded.

Judges HILL and BECTON concur.